979 F.2d 853
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gene v. GRAHAM, Plaintiff-Appellant,
v.
Robert DEUTSCHER, in individual capacity, Darlene Moody, in
individual capacity, Andrew Prezer, in individual
capacity, et. al., Defendants-Appellees.
 No. 91-2794.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 18, 1992.*
Decided Nov. 20, 1992.
 
 Before BAUER, Chief Judge, CUMMINGS, Circut Judge, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Gene Graham sued numerous state and prison officials under 42 U.S.C. § 1983 claiming assorted constitutional violations. While his suit was pending in district court, he moved for a preliminary injunction. Graham's motion sought to "restrain[ ] the administrators at the Westville Correctional Center from entering in his record, packet or any tangible thing that will be shown to the Indiana Parole Board, evidence of conduct reports and the disposition of conduct hearings." R.Doc. 46. According to Graham, prison officials had been entering into his record "constitutionally unfounded information," Reply Br. 8, thus hindering his ability to obtain release on parole.
 
 
 2
 The district court denied Graham's motion, stating that he "failed to satisfy the court of a reasonable likelihood of success on the merits and that the harm he will suffer absent injunctive relief is greater than the harm the defendants would suffer as a result of injunctive relief." Order 1-2. Graham now brings this interlocutory appeal from the district court's denial of preliminary injunctive relief. 28 U.S.C. § 1292(a).
 
 
 3
 We set forth the relevant analysis in the preliminary injunction context in Abbott Laboratories v. Mead Johnson & Co.. 971 F.2d 6 (7th Cir.1992):
 
 
 4
 As a threshold matter, a party seeking a preliminary injunction must demonstrate (1) some likelihood of succeeding on the merits, and (2) that it has "no adequate remedy at law" and will suffer "irreparable harm" if preliminary relief is denied. If the moving party cannot establish either of these prerequisites, a court's inquiry is over and the injunction must be denied.
 
 
 5
 Id. at 11 (citations omitted).
 
 
 6
 In this case, Graham claims that he would have been released on parole had it not been for the allegedly unfounded conduct reports put into his record. Plaintiff's Br. 16. For this type of claim, Graham has an adequate remedy at law in the form of federal habeas relief under 28 U.S.C. § 2254. Scruggs v. Moellering, 870 F.2d 376, 379 (7th Cir.), cert. denied, 493 U.S. 951 (1989); Smith v. Bacon, 699 F.2d 434, 437 (8th Cir.1983) (per curiam); Gardner v. Luckey, 500 F.2d 712, 714 (5th Cir.1974), cert. denied, 423 U.S. 841 (1975). He therefore has failed to meet the threshold requirement for a preliminary injunction. The district court did not abuse its discretion, Abbott Laboratories, 971 F.2d at 12-13, in denying Graham's motion for a preliminary injunction. Having concluded that Graham has an adequate remedy at law, we need not address his other contentions in support of his motion for a preliminary injunction.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied, and the appeal is submitted on the briefs and record