Paul H. GOFFMAN, Plaintiff–Appellant,

v.

Boniface GROSS, Danny Jaimet, Lieutenant Maue, et al., Defendants–Appellees.

No. 94–1738.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 17, 1995.

Decided July 6, 1995.

Susan Marie Settle (argued), Waterloo, IL, for Paul H. Goffman.

Terence J. Corrigan, Asst. Atty. Gen., Crim. Appeals Div., Springfield, IL, for Boniface Gross.

Robert G. Toews, Office of the Atty. Gen., Terence J. Corrigan, Asst. Atty. Gen., Crim. Appeals Div., Mary E. Welsh (argued), Office of the Atty. Gen., Civil Appeals Div., Chicago, IL, for D. Jaimet, Lieutenant Maue, Sergeant Ramsey.

Before POSNER, Chief Judge, MANION, and KANNE, Circuit Judges.

MANION, Circuit Judge.

Paul Goffman, an inmate in the Illinois prison system, brought this action for damages and other relief against state officials under 42 U.S.C. § 1983, claiming the defendants' refusal to provide him with a non-smoking cellmate constituted deliberate indifference to his immediate medical needs. The matter was referred to a magistrate judge who, following an evidentiary hearing, recommended that judgment be entered against Goffman and in favor of the defendants. The district court, upon a *de novo* review of the record, accepted the magistrate judge's recommendations and entered judgment for the defendants. We affirm.

## I.

Goffman is serving a sentence at Menard Correctional Center, where he has been confined since 1975. The named defendants are various correctional officers at the prison.

In 1988 Goffman was diagnosed with lung cancer. Goffman's attending physician at Menard, Dr. Mugarrab Khan, referred Goffman to Belleville Memorial Hospital for removal of his right lung. The surgery was a resounding success: Goffman shows no evidence of lung cancer in his remaining lung, and is apparently cured—a rare occurrence with lung cancer.

Shortly after his surgery, Goffman requested Dr. Khan issue him a "white card," a medical slip permitting the holder to be housed with a non-smoking cellmate. Dr. Khan testified that he issued such cards to inmates when they requested them, regardless of whether it was medically necessary that the inmate be housed with a non-smoking cellmate. Goffman's request was no exception. Dr. Khan testified that he issued Goffman a white card because Goffman requested one, not because he believed it was medically necessary. Indeed, because Goffman had been cured of his cancer, Dr. Khan was of the opinion that second-hand smoke posed no greater danger to Goffman than to any other inmate.

Despite his receipt of the white card, Goffman was housed with smoking cellmates. In addition, Goffman experienced occasional post-surgery respiratory problems, some of which were severe enough to require hospitalization. Perceiving a link, Goffman filed this § 1983 action against the various defendants for violating his Eighth Amendment rights. He claims that their failure to provide him with a non-smoking cellmate constituted deliberate indifference to the effects smoking by his cellmates was having on his medical condition. The matter was referred to a magistrate, who, following an evidentiary hearing, found that Goffman had failed to present evidence establishing either a serious medical need traceable to cigarette smoke or defendants' indifference to it. The magistrate recommended that judgment be entered in favor of the defendants. Following a *de novo* review of the record, the district court adopted the magistrate's recommendation and entered judgment in favor of the defendants.

Goffman filed a timely notice of appeal from the district court's judgment. Shortly thereafter, Goffman filed a motion for a new trial. Goffman's motion was based upon a press release of a new study conducted by a Dr. Ritchie suggesting that blacks may be more predisposed to develop lung cancer from smoking than whites. Goffman requested the court vacate its judgment and allow him another go 'round so that he could present this study as evidence in support of his claim. The district court denied the motion, observing that Goffman had failed to establish how this "newly discovered" evidence was material to his claim of deliberate

indifference, would be credible, or would affect the outcome of the court. Goffman challenges the district court's denial of his Rule 60(b) motion along with the court's original judgment in favor of the defendants.

## II.

The main thrust of Goffman's appeal is directed to the district court's conclusion that the defendants were not deliberately indifferent to his medical needs. In rendering its judgment the district court adopted the magistrate judge's findings and conclusions of law. Before addressing Goffman's claims, we think it would be helpful to set out briefly the various steps of review involved when a matter is referred to a magistrate judge.

 Section 636(b)(1)(B) of Title 28 authorizes a district court to refer a claim to a magistrate judge to conduct an evidentiary hearing. Following this hearing, the magistrate judge cannot enter a final judgment, but must submit to the district court proposed findings of fact and recommendations for disposition, to which either party may file written objections within 10 days. 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b). The district court is required to conduct a *de novo* determination of those portions of the magistrate judge's report and recommendations to which objections have been filed. But this *de novo determination* is not the same as a *de novo hearing*. The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations. *United States v. Raddatz*, 447 U.S. 667, 675, 100 S.Ct. 2406, 2412, 65 L.Ed.2d 424 (1980); *United States v. Severson*, 49 F.3d 268, 273 (7th Cir.1995). Rather, the district court has discretion to "accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). If the district court finds a problem, it may take additional evidence, call witnesses, or remand to the magistrate judge for further development. *Raddatz*, 447 U.S. at 675, 100 S.Ct. at 2412. But if following a review of the record the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings and recommendations as its

own. *Raddatz*, 447 U.S. at 676, 100 S.Ct. at 2412. That is what happened here.

 Thus, we review Goffman's challenges to the magistrate judge's findings as adopted by the district court under the usual lens as set forth in Fed.R.Civ.P. 52(a). That rule provides that "[f]indings of fact shall not be set aside unless clearly erroneous." Fed. R.Civ.P. 52(a). A finding is not clearly erroneous simply because we would have weighed the evidence differently had we been given the first shot at it. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 574, 105 S.Ct. 1504, 1511-12, 84 L.Ed.2d 518 (1985). Rather, "a finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* at 573, 105 S.Ct. at 1511 (quotations and citations omitted). And our review of the district court's application of a legal standard—in this case, "deliberate indifference"—to a set of facts is also guided by the same clear error standard. *See Hirsch v. Burke*, 40 F.3d 900, 903 (7th Cir.1994).

### A. Deliberate Indifference

 Most of Goffman's challenges to this portion of the district court's judgment lack merit. Our discussion will be limited to Goffman's challenge to the magistrate judge's one finding that we believe to be dispositive of this case. In his report, the magistrate judge found that Goffman presented absolutely no evidence establishing a serious medical condition exacerbated by his exposure to his cellmates' cigarettes. This finding was largely based upon the testimony of Dr. Khan, who was of the opinion that because Goffman was cured of lung cancer, the cigarette smoke of which he complained affected him no more than any other prisoner and therefore posed no greater danger to him. Goffman contends that this testimony is simply not believable given that he has had a lung removed because of cancer. He submits that this and other aspects of Dr. Khan's testimony render it too unreliable to support the magistrate judge's finding.

■ In attacking Dr. Khan's credibility Goffman has encountered a significant barrier: our standard of review. Requests to overturn factual findings based solely on credibility challenges are summarily rejected, unless supported by objective documentary evidence contradicting the challenged testimony. *See Anderson,* 470 U.S. at 575, 105 S.Ct. at 1512. As Goffman has pointed us to no medical reports or other objective documents that would contradict Dr. Khan's medical testimony, that testimony remains unassailable for purposes of our review.

What is more, it would be impossible for Goffman to point to anything contradicting Dr. Khan's medical testimony since it is the only medical testimony on this record. Goffman did not present a medical expert for purposes of establishing his case. Instead, the bulk of Goffman's evidence consisted of the testimony of four inmates, each of whom testified that he observed Goffman having breathing difficulties and becoming ill when exposed to cigarette smoke. Goffman asserts that surely the testimony of these inmates is entitled to at least as much weight and reliability as Dr. Khan's. But the medical effects of secondhand smoke are not within the ken of the ordinary person, so these inmates' lay testimony by itself cannot establish the showing of medical causation necessary to sustain Goffman's claim. *Fitzgerald v. Manning,* 679 F.2d 341, 350 (4th Cir.1982). Moreover, it certainly could not overcome Dr. Khan's medical opinion that Goffman's symptoms were probably caused by a pneumonia-like condition, not secondhand smoke. Given the absence of any countervailing medical evidence, the magistrate's finding that Goffman failed to establish the existence of a serious medical condition exacerbated by cigarette smoke was not only plausible, it was for all practical purposes required.

Throughout his brief and at argument Goffman's counsel implied that since Goffman previously had cancer he is more susceptible to secondhand smoke because it increases the possibility that his cancer could recur. But as Dr. Khan indicated, if Goffman's cancer were to recur it would not be because of secondhand smoke. Rather, it would more likely be because the old cancer had metastasized, meaning that it had never been eradicated but instead got into his blood stream and from there went on to his lymph system; it would not be because he developed a new cancer based on any current exposure to cigarette smoke.

More important, however, Goffman's contention that his cancer might recur in the future is completely irrelevant to establishing his theory of liability against these defendants. Goffman did not proceed under a theory of Eighth Amendment liability based on a contention that exposure to secondhand smoke posed a serious risk of *future* harm to Goffman's health, as did the plaintiff in *Helling v. McKinney,* —— U.S. ——, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). Rather, Goffman's case went forward solely on the theory that these defendants were deliberately indifferent to his *immediate* medical condition. Thus, Goffman's suggestion that secondhand smoke will induce a future recurrence of his cancer is not only medically dubious but legally irrelevant to proving his case. Therefore, we affirm the district court's determination that Goffman had failed to establish the underlying facts of his case.

## B. Other Objections

■ Goffman raises two other objections. Neither have merit so we may be brief in our disposition of them. First, Goffman complains that the magistrate denied him his Sixth Amendment rights when he prevented him from asking Dr. Khan to elucidate on the long-term effects of exposure to secondhand smoke. Goffman however made no mention of this in the objections he filed to the magistrate's report. Therefore, this contention is waived. *See Lockert v. Faulkner,* 843 F.2d 1015, 1017 (7th Cir.1988).

■ Goffman's last challenge goes to the district court's denial of his Rule 60(b) motion. The defendants counter that we lack jurisdiction to even consider this challenge. Goffman filed his Rule 60(b) motion two months after he had filed his notice of appeal from the district court's judgment against him. While his present appeal was still pending, the district court denied Goffman's Rule 60(b) motion. Goffman did not

file a notice of appeal from this denial, but instead, simply inserted in his appellate brief the issues he raised in his Rule 60(b) motion. However, a Rule 60(b) motion may be separately considered on appeal, *see Textile Banking Co., Inc. v. Rentschler,* 657 F.2d 844, 849–50 (7th Cir.1981), and *Washington v. Board of Education,* 498 F.2d 11, 15 (7th Cir.1974), which is to say that the district court's denial of that motion pending the underlying appeal was itself separately appealable. *Ingraham v. United States,* 808 F.2d 1075, 1081 (5th Cir.1987). In that event, a separate notice of appeal was required in order to challenge the denial of the motion. *See Ingraham,* 808 F.2d at 1081; *Washington,* 498 F.2d at 15. Because Goffman filed no such notice we agree with the defendants that we lack jurisdiction to consider his challenge to the district court's denial of his motion.

## III.

The judgment of the district court is AFFIRMED. Goffman's challenge to the district court's denial of his Rule 60(b) motion is DISMISSED for lack of appellate jurisdiction.