66 F.3d 328
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jean F. SHAFFER, Plaintiff/Appellant,
v.
Janet RENO, U.S. Attorney General, et al., Defendants/Appellees.
 No. 94-2033.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 12, 1995.*
Decided Sept. 13, 1995.
 
 Before FLAUM, RIPPLE and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Jean Shaffer appeals the district court's grant of summary judgment for the defendants in his suit brought pursuant to 42 U.S.C. Sec. 1983. He also claims that the U.S. Marshall Service improperly failed to serve two defendants and that the district court erred in denying his motion to amend. We affirm.
 
 
 2
 Shaffer was arrested by federal law enforcement officers in May of 1990 on drug and conspiracy charges. Originally housed at the Mason County jail, he was transferred to the Sangamon County Jail and eventually placed into that institution's general population. In November of 1990 he was attacked by five inmates and suffered various injuries. Shaffer filed suit alleging a violation of his constitutional rights. See 42 U.S.C. Sec. 1983.[1]
 
 
 3
 In his original complaint, Shaffer named both Sangamon County and federal officials. The district court dismissed the federal defendants and later granted summary judgment for the county defendants. Shaffer appeals the grant of summary judgment and the denial of his post-judgment motion.[2] For the reasons stated in the district court's order, attached hereto, we AFFIRM the grant of summary judgment.
 
 
 4
 We now turn to Shaffer's claim that the district court improperly denied his post-judgment motion. Shaffer named several John Does in his complaint, one by nickname because he did not know the specific prison guards' names. Service was attempted but returned unexecuted. At the time summary judgment was granted in favor of the defendants, the guards were still unidentified. In his post-judgment motion, Shaffer identifies two of the guards and requests that he be allowed to amend his complaint and have the U.S. Marshall's Office effect service upon them. The district court denied Shaffer's motions for lack of jurisdiction because the case was on appeal.
 
 
 5
 We construe Shaffer's motions as brought pursuant to Federal Rule of Civil Procedure 60(b).[3] However, Shaffer did not appeal from the court's denial of his motion. See Reed v. Amax Coal Co., 971 F.2d 1295, 1301 (7th Cir.1992) ("This circuit requires a separate notice for the denial of a motion under Rule 60(b)"). He only appealed the district court's judgment of April 22, 1994. A separate notice of appeal was required in order to challenge the denial of Shaffer's motion. Goffman v. Gross, 59 F.3d 668 (7th Cir.1995). We lack jurisdiction to consider the challenge to the district court's denial of the motion.[4]
 
 
 6
 Shaffer argues that the U.S. Marshall's Service failed to serve two defendants who were dismissed from the case prior to the grant of summary judgment. Shaffer did not know two jail employees' names, referring to one by the nickname T-Rock. Shaffer claims that he provided sufficient information to the U.S. Marshall to identify and serve these guards. Although advised by the court that he could file a motion to compel to obtain the guards' names, Shaffer did not do so. After the allotted 120 days had expired, see Fed.R.Civ.P. 4(j), the district court issued an order to show cause why these defendants should not be dismissed for lack of service. Shaffer's response provided no new information or explanation and the defendants were dismissed.
 
 
 7
 In order for the U.S. Marshall's Service to effectuate service, a prisoner need furnish "no more than the information necessary to identify the defendant." Sellers v. United States, 902 F.2d 598, 602 (7th Cir.1990) (citing Puett v. Blandford, 895 F.2d 630, 635 (9th Cir.1990)); see Del Raine v. Williford, 32 F.3d 1024, 1030 (7th Cir.1994). A nickname or John Doe, without further information, is insufficient information for the Marshall's service to effectuate service. Perhaps if Shaffer had moved to compel discovery he could have obtained the identity of the guards, but he did not do so. Thus, his argument that he was deprived of proper service must fail.
 
 
 8
 The Defendants-Appellees' Motion to Strike portions of the Plaintiff-Appellant's brief is denied as moot.
 
 
 9
 AFFIRMED.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 CENTRAL DISTRICT OF ILLINOIS
 
 10
 Jean Shaffer, Plaintiff,
 
 
 11
 v.
 
 
 12
 William DeMarco, et al., Defendants.
 
 
 13
 No. 92-1047.
 
 ORDER
 
 14
 MIHM, Chief Judge.
 
 
 15
 The plaintiff, a federal prisoner, has brought this civil rights action pursuant to 42 U.S.C. Sec. 1983. The plaintiff claims that the defendants, Sangamon County Sheriff William DeMarco and Sangamon County Jail Warden James Price, violated the plaintiff's constitutional rights by denying him due process. More specifically, the plaintiff alleges that the defendants failed to protect him from assault by other inmates while the plaintiff was a pretrial detainee at the Sangamon County Jail.[1] This matter is before the court for consideration of the defendants' renewed motion for summary judgment. For the reasons stated in this order, the motion will be allowed.
 
 
 16
 Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Herman v. National Broadcasting Co., Inc., 744 F.2d 604, 607 (7th Cir.1984), cert. denied, 470 U.S. 1028 (1985). "[I]n determining whether factual issues exist, a reviewing court must view all the evidence in the light most favorable to the non-moving party." Black v. Henry Pratt Co., 778 F.2d 1278, 1281 (7th Cir.1985).
 
 
 17
 However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party there is no 'genuine' issue for trial." Mechnig v. Sears, Roebuck & Co., 864 F.2d 1359 (7th Cir.1988).
 
 FACTS
 
 18
 The following facts are undisputed for purposes of this motion: On May 18, 1990, federal agents arrested the plaintiff, Jean Shaffer, on drug and conspiracy charges. On May 20, 1990, the plaintiff was moved from the Mason County Jail to the Sangamon County Jail pending trial. The defendant William DeMarco is the Sheriff of Sangamon County. The defendant James Price is the jail's warden.[2]
 
 
 19
 The plaintiff, who is small in stature and Caucasian, initially was placed in the protective custody cellblock of the jail. However, four and one half months later, on October 25, 1990, jail officials moved the plaintiff to "F Block" (presumably, general population). The plaintiff maintains that pretrial detainees, misdemeanants and inmates who had been convicted of violent crimes all were housed together in the cell block.
 
 
 20
 On November 4, 1990, the plaintiff was attacked and beaten by five other inmates. The plaintiff sustained a broken nose, multiple bruises and an injured back; he required hospitalization for treatment of his injuries. The plaintiff's assailants subsequently were identified and all five inmates were criminally prosecuted for the battery.[3]
 
 
 21
 Of thirty-five inmate complaints filed about Cell Block "F" in 1990, only one involved battery to an inmate. Prior to the incident of November 4, 1990, the Sangamon County Sheriff's Department had received no complaints regarding the inmates who attacked the plaintiff.
 
 DISCUSSION
 
 22
 There is no genuine issue as to any material fact, and the court concludes that the defendants are entitled to judgment as a matter of law. Because material facts previously were unknown or in dispute, the court denied the defendants' prior motions for summary judgment. However, the more fully developed record shows that the named defendants did not act with deliberate indifference to the plaintiff's safety and security.
 
 
 23
 Jail inmates have a constitutional right to reasonable protection from assaults by other inmates. Nevertheless, because the infliction of punishment is a "deliberate act intended to chastise or deter ... negligence or even gross negligence is not enough; rather, a plaintiff must show actual intent or deliberate indifference on the part of the state actors" to make out a constitutional claim. James v. Milwaukee County, 956 F.2d 696, 699 (7th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 63 (1992) (citations omitted; emphasis in original). "Liability ... requires, at a minimum, that the prison officials have realized there was imminent danger and have refused--consciously refused, knowingly refused--to do anything about it." Campbell v. Greer, 831 F.2d 700, 702 (7th Cir.1987), relying on Whitley v. Albers, 475 U.S. 312 (1986). Here, the plaintiff has failed to establish either a subjective intent to see him harmed, or a complete lack of action in the face of substantial risk.
 
 
 24
 It is undisputed that the named defendants had no personal notice that the plaintiff was in danger. The plaintiff admitted in his deposition that, prior to the fight, he spoke to neither defendant nor to the U.S. Marshal's Service about his concerns in the "F" block and did not request a transfer. Both Price and DeMarco have submitted affidavits stating that they never received complaints from any inmate or guard regarding threats to the plaintiff's personal safety. Thus, the defendants had no actual knowledge of impending harm to the plaintiff. See McGill v. Duckworth, 944 F.2d 344 at 349.[4]
 
 
 25
 The plaintiff declares that on November 1, 1990, he notified an Officer Teetrock that he was in danger; the plaintiff claims additionally to have warned another, still-unidentified, guard two days later that a fight was about to occur. The plaintiff contends that his fears should have been reported to the defendants, as supervisors.
 
 
 26
 However, the defendants deny receiving any such report; in fact, the defendants assert that no officer Teetrock was employed at the Sangamon County Jail during the time period in question. Irrespective of whether the plaintiff did voice concerns to two guards, the plaintiff cannot sue the defendants Price and DeMarco for the alleged omissions of the underling officers. The doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. Sec. 1983. See Pacelli v. DeVito, 972 F.2d 871, 877 (7th Cir.1992). Section 1983 does not create collective or vicarious responsibility. Id. Supervisors cannot be held liable for the errors of their subordinates. There is no genuine dispute as to whether the defendants had actual knowledge that the plaintiff faced attack on November 4, 1991.
 
 
 27
 The plaintiff further argues that he should not have been moved from the "D" block to the "F" block. While it is unclear why the cell move was made or who authorized the transfer, the record does not suggest that jail officials did so with a subjective intent to harm the plaintiff. Even accepting as true that pretrial detainees, misdemeanants and convicted felons were housed together in Cell Block "F," that matter does not provide a sufficient basis from which to infer deliberate indifference. "Administrators in many states ... are unable to house each inmate only with those of a similar status." McGill, 944 F.2d at 348. The plaintiff has provided no evidence whatsoever that the absence of a prisoner classification system contributed to inmate violence. Accord, see James v. Milwaukee County, 956 F.2d at 700.
 
 
 28
 The thrust of the lawsuit is that the defendants should have been aware that the plaintiff was in danger due to the purported "reign of terror" in Cell Block "F." It is true that a defendant can be held liable for an attack even though he lacked actual knowledge of impending harm, if the defendant acted with total unconcern for inmates' welfare in the face of a pervasive risk of violence. McGill, 944 F.2d at 347. Here, however, the plaintiff has not met his burden of proof.
 
 
 29
 No reasonable person could find that a "reign of terror" existed in Cell Block "F," such that knowledge of a substantial risk of harm to the plaintiff could be inferred. James, 956 F.2d at 700. Although this case has been pending for almost two and a half years, the plaintiff has failed to produce any evidence that violence was rampant at the jail, or that gang members imposed a virtual strangle hold on the other prisoners.
 
 
 30
 In his responses to the defendants' interrogatories, the plaintiff was unable to identify any previous incidents of violence.[5] The defendants maintain, without factually-supported contradiction supported by facts, that there was no history of brutality in Cell Block "F." Inmates filed only five complaints the conditions of Cell Block "F" during all of 1990, and only one complaint involved violence between inmates. Moreover, prior to the plaintiff's assault on November 4, 1990, the Sheriff's Department received no complaints regarding gang activity nor regarding misbehavior by the inmates who eventually attacked the plaintiff.
 
 
 31
 The mere fact that certain inmates sometimes took food trays from others and controlled the public telephone did not rise to the level of a "serious problem of substantial dimensions." Although the other inmates may have been intimated, the nonviolent bullying did not amount to the "pervasive risk of harm" contemplated by Walsh v. Brewer, 733 F.2d 473, 476 (7th Cir.1984) and its progeny. The plaintiff's unsupported claim that a "reign of terror" existed is insufficient to withstand the defendants' well-grounded motion for summary judgment.
 
 
 32
 Furthermore, the record does not reflect a general lack of concern on the part of correctional officials as to the safety of inmates in the jail. A correctional officer personally inspected Cell Block "F" every thirty minutes. In addition, the jail used closed circuit television cameras to monitor the facility on a continual basis. The fact that the plaintiff's assailants were criminally prosecuted for the attack further belies the plaintiff's claim that the defendants routinely tolerated violent behavior at the jail.
 
 
 33
 Prisoners are dangerous (that's why many are confined in the first place). Guards have no control over the temperament of the inmates they supervise, the design of the prisons, the placement of the prisoners, and the ratio of staff to inmates. Some level of brutality and sexual aggression among them is inevitable no matter what the guards do. Worse: because violence is inevitable unless all plaintiffs are locked in their cells 24 hours a day and sedated (a 'solution' posing constitutional problems of its own) it will always be possible to say that guards 'should have known' of the risk....
 
 
 34
 McGill v. Duckworth, 944 F.2d at 348. Eruptions such as the plaintiff complains of here are unfortunately inevitable in the jail setting. Hibma v. Odegaard, 769 F.2d 1147, 1159 (7th Cir.1985). Although the court empathizes with the plaintiff, the defendants cannot be held liable for the sudden, unpreventable attack.
 
 
 35
 In summary, the court finds that no material facts are in dispute and concludes that the defendants are entitled to judgment as a matter of law. Even viewing the record in the light most favorable to the plaintiff, there is no triable issue as to whether the named defendants acted with deliberate indifference to the plaintiff's safety. The record does not support a finding that the defendants failed to take appropriate protective measures when faced either with actual knowledge of an identifiable threat to the plaintiff, or a substantial risk of harm. There is also no competent evidence from which a reasonable person could infer that the Sangamon County Jail had a pattern, policy, or practice of exposing its inmates to unconstitutionally dangerous conditions of confinement. Accordingly, the defendants' motion for summary judgment will be granted. Because the plaintiff has not identified or served the "John Doe defendant guards," this suit will be dismissed in its entirety.
 
 
 36
 IT IS THEREFORE ORDERED that the defendants' third motion for summary judgment (docket # 82) is allowed. The Clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff pursuant to Fed.R.Civ.P. 56. The case is terminated. The parties are to bear their own costs.
 
 
 37
 Enter this 22nd day of April, 1994.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed such a statement and agrees oral argument is not necessary. Upon consideration of that statement, the briefs, and the record, the appeal is submitted on the briefs and record
 
 
 [1]
 Claims by pre-trial detainees are different from those brought by prisoners because pre-trial detainees have not been found guilty and thus cannot be punished. Bell v. Wolfish, 441 U.S. 520 (1979); Murphy v. Morgan, 914 F.2d 846, 849 (7th Cir.1990). However, the due process rights of a pre-trial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner. Revere v. Massachusetts General Hosp., 463 U.S. 239 (1983); Hall v. Ryan, 957 F.2d 402, 404 (7th Cir.1992). We analyze Shaffer's claims under the standards of the Eighth Amendment because an act or practice that violates the Eighth Amendment also violates the Fourteenth Amendment rights of a pre-trial detainee. Bell, 441 U.S. at 536 n. 16; Martin v. Tyson, 845 F.2d 1451, 1456 (7th Cir.), cert. denied, 488 U.S. 863 (1988)
 
 
 [2]
 Shaffer does not appeal the dismissal of the federal defendants
 
 
 [3]
 We note that the district court had jurisdiction to deny a Rule 60(b) motion even though a notice of appeal had been filed. Brown v. United States, 976 F.2d 1104, 1111 (7th Cir.1992)
 
 
 [4]
 Shaffer also argues that his constitutional rights were violated because he was given used razors, that the county jail violated its contract with the federal government, and that the defendants violated 18 U.S.C. Secs. 4086, 4013, 4042. He raises these issues on appeal for the first time. Because they were not first presented to the district court, we will not review them. See Alexander v. Erie Ins. Co., 982 F.2d 1153, 1157-58 n. 5 (7th Cir.1993); Young v. Secretary of Health & Human Servs., 957 F.2d 386, 389 n. 2 (7th Cir.1992). We similarly will not consider Shaffer's affidavit on appeal, as it was not before the district court. However, to the extent that Shaffer elaborates upon arguments in his brief, we will consider the affidavit
 
 
 [1]
 The court previously dismissed the plaintiff's complaint and amended complaint as to all other claims and defendants. See Orders of February 21, 1992, July 30, 1992, April 6, 1993; see also Order of June 14, 1993, granting partial summary judgment in favor of the defendants
 
 
 [2]
 The defendant "John Doe jail guards" have never been identified nor served. The court therefore has no jurisdiction over those individuals
 
 
 [3]
 The defendants' brief erroneously asserts that the plaintiff was a convicted felon at the time of the events giving rise to this action, and that the assault occurred on October (rather than November) 4, 1990. However, those errors can be attributed to mistake. The court has accepted the plaintiff's corrections as true. Those inaccuracies do not amount to genuinely disputed facts
 
 
 [4]
 McGill and certain other cases cited in this order involve alleged Eighth Amendment violations. However, the Eighth and Fourteenth Amendments are co-extensive: in the context of this type of case, the Due Process Clause affords no greater protection than does the clause prohibiting "cruel and unusual punishment." Whitley v. Albers, 475 U.S. 312 (1986). The standards governing a finding of deliberate indifference are the same whether the inmate is a convicted felon or a pretrial detainee
 
 
 [5]
 In opposing the defendants' motion for summary judgment, the plaintiff now maintains that he observed two fights, but admits that "neither was reported." The defendants cannot be compelled to correct problems which they did not know existed
 The plaintiff states that he is unable to provide additional factual information to support his claims because he has "never received a complete discovery." However, the plaintiff never filed a motion to compel discovery and the court's docket reflects no reports of discovery problems during court conferences. The plaintiff has provided no basis for calling sixty-five witnesses to trial to question them about purported violence in Cell Block "F."
 Furthermore, the plaintiff has not shown legitimate cause for challenging the defendants' use of excerpted deposition transcripts. If other deposition testimony contradicted or elaborated upon the testimony quoted by the defendants, then the plaintiff could simply have cited any additional statements to support his claims and attached those pages to his brief.