78 F.3d 586
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Rafael HERRERA, Plaintiff-Appellant,
v.
Roger DEUTSCHER,[1] Defendant-Appellee.
 No. 94-3961.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 28, 1996.*
Decided Feb. 28, 1996.
 
 Before CUMMINGS, BAUER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 On February 8, 1993, Lieutenant Roger Deutscher and several other correctional officers entered a dormitory at the Westville Correctional Center to conduct a shakedown search. When it appeared to Deutscher that Herrera was refusing to comply with his commands to lie down on his bunk, Deutscher pushed him down. Herrera's back struck a nearby locker. Herrera later complained of back pain, was treated at the infirmary, and filed a grievance against Deutscher. Deutscher filed a conduct report against Herrera, who was ultimately punished with the loss of 90 days of good time.
 
 
 2
 Herrera brought the present suit under 42 U.S.C. § 1983, alleging that Deutscher had violated his Eighth and Fourteenth Amendment rights. The district court ordered the case referred to a magistrate judge to resolve nondispositive pretrial matters, conduct hearings, and submit proposed findings of fact pursuant to 28 U.S.C. § 636(b)(1). After a bench trial, during which the magistrate permitted another inmate, Fabio Diaz, to act as Herrera's lay advocate, the magistrate issued a report recommending that the district court enter judgment for defendant Deutscher. On October 26, 1994, the district court overruled Herrera's objections and adopted the magistrate judge's report and recommendations.
 
 
 3
 At the outset, we must resolve what appears to be a defect in our appellate jurisdiction. The district court clerk entered judgment against Herrera on October 27, 1994, and although a notice of appeal must ordinarily be filed within 30 days in a civil case, see Fed.R.App.P. 4(a)(1), Herrera did not do so until December 19. On January 10, 1995, this court ordered Herrera to file a memorandum stating why his appeal should not be dismissed for lack of jurisdiction. On February 1 Herrera returned to the district court and belatedly motioned for an extension of time to file an appeal. He asserted that prison officials had interfered with his legal mail and attached the affidavit of his lay advocate Diaz averring that he deposited the notice of appeal in the prison law library mail system before the original 30-day period expired.
 
 
 4
 The district court found that Herrera's notice had been delayed through no fault of his own and granted his motion pursuant to Federal Rule of Appellate Procedure 4(a)(5). Rule 4(a)(5), however, requires that motions for extension be filed within 30 days of the expiration of the original time limit, which in this case would have been 60 days after the entry of judgment. Herrera's February 1 motion was filed 97 days after the October 27 entry of judgment, and thus the court lacked the power to entertain it.
 
 
 5
 But a special rule applies to prisoners: Rule 4(c) provides that an incarcerated inmate is deemed to have timely filed a notice of appeal if it is "deposited in the institution's internal mail system on or before the last day for filing." Fed.R.App.P. 4(c); see also Thomas v. Gish, 64 F.3d 323, 325 (7th Cir.1995) (handing notice of appeal to prison guard sufficient to constitute deposit in prison's internal mail system, where doing so was apparently proper prison procedure). This rule derives from the unique demands of the prison setting, see Houston v. Lack, 487 U.S. 266 (1988), and thus there seems to be no reason to draw a distinction where it was Diaz, Herrera's incarcerated lay advocate, and not Herrera himself who was attempting to mail the notice. In granting Herrera's motion, the district court found that the prison's interference justified the extension, implicitly crediting Diaz's assertion that he deposited the notice before the original filing deadline had run out. Thus no extension was actually needed. The state has not challenged the factual basis of the district court's ruling, and we have no reason to believe that it was clearly erroneous. We conclude that we have jurisdiction over this appeal.
 
 
 6
 Herrera raises four challenges, all but one of which are forfeited due to his failure to raise them before the district court in his objections to the magistrate judge's report and recommendation. See 28 U.S.C. § 636(b)(1); Goffman v. Gross, 59 F.3d 668, 672 (7th Cir.1995) (citing Lockert v. Faulkner, 843 F.2d 1015, 1017 (7th Cir.1988)). The only claim he has arguably preserved is that the magistrate judge improperly prevented him from introducing certain evidence favorable to his claims.
 
 
 7
 After a telephonic status conference on March 9, 1994, the magistrate judge issued a scheduling order instructing Herrera that he had two months to submit a list of his witnesses, exhibits, and contentions. Herrera did not comply. Nevertheless, the magistrate judge ordered the presence of prisoner witnesses Herrera had named during the telephonic conference, as well as the defendant, but invoked his discretion under Federal Rule of Civil Procedure 37(b)(2)(B) to exclude additional witnesses Herrera belatedly requested at the final pretrial conference.
 
 
 8
 Before the district court, Herrera contended that this sanction was unfair because he did not have an adequate command of English to comply with the scheduling order and had been unable to communicate with his advocate Diaz for help. The district court noted that the magistrate judge was under no obligation to provide Herrera with the assistance of a lay advocate, and that in any event Herrera's alleged language barrier was unlikely to have prevented him from complying with the order. Herrera testified in English at trial and even questioned a witness briefly. The magistrate judge did not abuse his discretion by imposing this sanction.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 The defendant's name appears to have been misspelled in the record. This spelling is taken from defendant's signed response to the plaintiff's interrogatory. (R. 11.)