82 F.3d 420
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael MENDELSON, Plaintiff-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Defendant-Appellee.
 No. 94-2799.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1995.[1]
Decided April 11, 1996.
 
 Before BAUER, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Michael Mendelson appeals pro se from a district court order dismissing his complaint for lack of subject matter jurisdiction.
 
 
 2
 Defendant, the Secretary of Veterans Affairs (VA), terminated plaintiff's employment as a computer programmer in February 1993. The Merit System Protection Board (MSPB) affirmed the VA's decision, which in turn was affirmed by the Federal Circuit. Mendelson v. Department of Veterans Affairs, No. 93-3546 (Fed.Cir. Feb. 14, 1994) (per curiam ) (unpublished). Plaintiff then filed this action in the Northern District of Illinois under Title VII, the Rehabilitation Act of 1973, and the Consolidated Omnibus Budget Reconciliation Act of 1986 (COBRA), raising the same claims that he raised before the MSPB and the Federal Circuit.
 
 Appellate Jurisdiction
 
 3
 We first must ask whether we have appellate jurisdiction, and if so, over which decision. For the reasons explained below, we conclude that plaintiff's attempt to appeal the May 17, 1994 minute order is untimely because it was not filed within 60 days of a final judgment or order pursuant to Fed.R.App.P. 4(a)(1). Only the subsequent pro se "Notice to Vacate Order," presumably a Rule 60(b) motion,[2] which cannot extend the time for appeal, will be considered in this appeal.
 
 
 4
 Defendant filed a motion to dismiss for lack of subject matter jurisdiction or, in the alternative, on the ground of res judicata. No response from plaintiff is shown on the district court docket sheet. On May 17, 1994, the district court entered a minute order dismissing plaintiff's complaint for lack of subject matter jurisdiction. The text of the order states in its entirety:
 
 
 5
 Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction is granted.
 
 
 6
 This constitutes a final judgment that satisfies Fed.R.App.P. 58.[3] See American National Bank & Trust Co. of Chicago v. Secretary of Housing & Urban Development, 946 F.2d 1286, 1289 (7th Cir.1991) (a minute order may be sufficient to constitute a Rule 58 judgment). It is set forth on a separate document, does not contain legal reasoning, does not incorporate another document, and tells us what happened--that the case was terminated and no relief can be granted, because the court did not have subject matter jurisdiction. See Id.
 
 
 7
 But plaintiff filed no appeal from this judgment. Instead, he waited until June 13, 1994, to serve defendant with a motion to vacate the May 17, 1994 dismissal order. On June 30, 1994, the district court entered another minute order, this time denying the Rule 60(b) motion. The order states, in its entirety:
 
 
 8
 Plaintiff's motion to vacate order of dismissal previously entered by this court is denied for reasons stated in open court.
 
 
 9
 Plaintiff waited until July 26, 1994, and then filed a notice of appeal from the June 30, 1994 minute order. The June 30, 1994 order is final and appealable. See Banks v. Secretary of Indiana Family & Social Services Administration, 997 F.2d 231, 237 (7th Cir.1993) (dismissal of action for lack of subject matter jurisdiction is a final judgment); Rogers v. United States, 902 F.2d 1268, 1269 (7th Cir.1990). The notice of appeal is timely, since it was filed within 60 days of the final order. Fed.R.App.P. 4(a)(1) (60 days where United States or an officer or agency thereof is a party).[4]
 
 
 10
 We have appellate jurisdiction, but it is limited to the merits of the district court's denial of the Rule 60(b) motion, and does not include a review of the earlier dismissal for lack of subject matter jurisdiction, since the appeal of the denial of a Rule 60(b) motion brings up only the denial of the motion and not the judgment itself. See Browder v. Director, Department of Corrections, 434 U.S. 257, 263 n. 7 (1978) ("an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review"); Provident Savings Bank v. Popovich, 71 F.3d 696, 698 (7th Cir.1995) (limiting review to denial of Rule 60(b) motion, and not reviewing the merits of the underlying judgment; thus "our review is far narrower than it would be on direct appeal"); Goffman v. Gross, 59 F.3d 668, 672 (7th Cir.1995) (denial of Rule 60(b) motion is appealable separate from the underlying judgment).
 
 Denial of Rule 60(b) Motion
 
 11
 Rule 60(b) permits a district court to grant relief only in exceptional circumstances, and only if the movant has established one of the asserted grounds for relief under Rule 60(b), e.g., for reasons such as mistake, excusable neglect, newly discovered evidence, or fraud. Provident Savings Bank v. Popovich, 71 F.3d at 698; Fed.R.Civ.P. 60(b). We will reverse the district court's denial of relief only for an abuse of discretion, i.e., only if we conclude that no reasonable person could agree with the district court's determination. Popovich, 71 F.3d at 698.
 
 
 12
 Plaintiff's "Notice to Vacate Order" cites none of the enumerated grounds for relief under Rule 60(b),[5] in fact does not cite Rule 60(b) at all, but we will assume that it falls into the catchall category of "other grounds justifying relief." Fed.R.Civ.P. 60(b)(6).
 
 
 13
 Plaintiff uses the Rule 60(b) motion simply to relitigate the merits settled by the original dismissal for lack of subject matter jurisdiction, an order which (as discussed above) we refuse to consider, and in doing so he fails to meet any of the grounds enumerated under Rule 60(b). Thus, the district court properly denied the Rule 60(b) motion.
 
 
 14
 Moreover, the issues raised in the present action are identical to those litigated in the challenge to the MSPB decision heard by the Federal Circuit Court of Appeals, and thus are barred under the doctrine of res judicata. See Lee v. City of Peoria, 685 F.2d 196, 199 (7th Cir.1982). We will not permit relitigation of those issues in this Circuit.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and the record
 
 
 [2]
 There is no indication whether the district court characterized this 1 1/2 page "notice to vacate order" as a motion under Rule 59 or Rule 60. We construe this as a Rule 60(b) motion since it was served more than 10 business days after the dismissal order and thus could not be a Rule 59(e) motion to alter or amend, a motion which would toll the time for filing an appeal. See United States v. Deustch, 981 F.2d 299 (7th Cir.1992)
 
 
 [3]
 If it were not a final judgment, he could not file a Rule 60(b) motion, since the rule only applies to a "final judgment, order, or proceeding." Kapco Mfg. Co., Inc. v. C & O Enterprises, Inc., 773 F.3d 151, 153-54 (7th Cir.1985)
 
 
 [4]
 We need not inquire about whether the district court entered a Rule 58 separate judgment with its second minute order denying the Rule 60(b) motion. This circuit has held that a separate Rule 58 judgment is not necessary to accompany the denial of a Rule 59(e) or Rule 60(b) motion. Chambers v. American Trans Air, Inc., 990 F.2d 317, 318 (7th Cir.1993) ("There is no requirement in this circuit that the order denying the [post-judgment] motion comply with Rule 58" (emphasis added)); Wikoff v. Vanderveld, 897 F.2d 232, 236 (7th Cir.1990) (order denying post-trial motion does not require a separate document, but order amending a judgment does). Contra, Fiore v. Washington County Community Mental Health Center, 960 F.2d 229, 232-33 (1st Cir.1992) (en banc (Rule 58 separate judgment requirement applies to post-judgment orders under Rule 60(b))
 
 
 [5]
 See Russell v. Delco Remy Division of General Motors Corp., 51 F.3d 746, 749-50 (7th Cir.1995) (comparing Rule 59 and Rule 60)