106 F.3d 403
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gene Vontell GRAHAM, Plaintiff-Appellant,
v.
Robert DEUTSCHER, et al., Defendants-Appellees.
 No. 96-1130.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 17, 1996.*
Decided Jan. 2, 1997.
 
 Before MANION, ROVNER and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 On May 24, 1989, pro se plaintiff Gene Vontell Graham filed suit under 42 U.S. § 1983 against 28 employees of Indiana's Westville Correctional Center alleging various violations of his civil rights.[1] In June 1991, while this case was pending, Graham filed a motion for a preliminary injunction to prevent prison officials from entering evidence of disciplinary actions taken by the prison in his prison records. The district court judge referred this case to Magistrate Judge Robin D. Pierce, who appointed counsel for Graham and held a bench trial on November 1, 1995. At trial, Magistrate Judge Pierce heard evidence on Graham's procedural due process claims.[2] He issued his Report and Recommendation ("the Report") on Nov. 21, 1995.[3] Graham filed pro se objections to the Report. On December 15, 1996, the district court entered judgment in favor of the defendants. We affirm.
 
 FACTS
 
 2
 In 1989, Westville's internal disciplinary body--the Conduct Adjustment Board ("CAB")--found Graham guilty of refusing to obey an order. Graham appealed the CAB verdict through the prison appeals system, but at each level his appeal was denied. In district court, Graham argued that the CAB verdict violated his procedural due process rights in that there was insufficient evidence to find him guilty.
 
 
 3
 Graham also claimed his procedural due process rights were violated in February of 1990.[4] On February 7, 1990, Graham was involved in an incident with a prison officer in the dining hall. The officer immediately put Graham in segregation. Graham remained in segregation until February 15, 1990 when CAB held a hearing on the February 7th incident. In the district court, Graham argued that this violated his right to be free from punishment without due process because prison regulations limit segregation to five days without a hearing. See Indiana Department of Corrections Adult Authority Disciplinary Policy Procedures § 11(B)(1) (1984 ed.) ("AADP").
 
 
 4
 The magistrate judge found that the 1989 CAB hearing complied with the requirements of procedural due process. He also found that the 1990 segregation incident (mistakenly referring to the incident as occurring in 1989) was outside the scope of the issues presented in this case because "no such claim was raised in Graham's pretrial contentions." (Report at 9.) Nevertheless, the magistrate judge went on to address the merits, holding that "the failure to comply with the five-day requirement would not amount to a due process violation." (Id.) Over Graham's objections, the district court adopted the magistrate judge's recommendations.
 
 
 5
 On appeal, Graham argues that the district court failed to conduct a de novo review of the issues raised in his Objections. Graham also argues that the magistrate judge erred in finding that the 1990 segregation incident was outside the scope of this case, and that the district court erred in concluding that Graham had not alleged a liberty interest sufficient to state a claim.
 
 ANALYSIS
 
 6
 When a party makes objections to a magistrate judge's recommendations, "[t]he district court is required to conduct a de novo determination of those portions of the magistrate judge's report and recommendations to which objections have been filed." Goffman v. Gross, 59 F.3d 668, 671 (7th Cir.1995). However, this does not mean the district court must conduct a de novo hearing, "[r]ather the district court has discretion to 'accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate [judge].' " Id. (quoting 28 U.S.C. § 636(b)(1)).
 
 
 7
 Here, the district court made the necessary de novo review of Graham's objections. First, it explicitly rejected Graham's objections concerning his appointed counsel. Then, it ruled on Graham's objections to the magistrate judge's conclusions regarding the 1990 incidents as evinced by the fact that the district court ruled on grounds not even mentioned in the Report (i.e. that Graham had no liberty interest in being free from segregation after five days). The fact that the district court ruled without the benefit of the trial transcript is irrelevant, as is the district court's silence regarding the magistrate judge's mistake about the dates of Graham's segregation, because it ruled as a matter of law that Graham did not have a protectible liberty interest. The Report accurately reported the substance of Graham's claim, if not the date; thus the district court had the information necessary to rule on this claim.
 
 
 8
 Graham next argues that the district court erroneously concluded he had no liberty interest in being free from segregation after five days under Sandin because Sandin left open the possibility of a prisoner having a liberty interest in being free from punishment that "will inevitably affect the duration of his sentence." Sandin v. Conner, 115 S.Ct. 2293, 2302 (1995). Graham argues first that he falls within this exception because the February 15, 1990 disciplinary hearing report should have been expunged from his file after the procedural violation and second that, had the report been expunged, he would have been granted parole in April 1990 because he was denied parole solely on the basis of this disciplinary report.
 
 
 9
 This claim has no merit. Our decision in Miller v. Indiana Dep't of Corrections, 75 F.3d 330 (7th Cir.1996), bars a prisoner from obtaining damages through a § 1983 action when the alleged violation has been rejected in a habeas corpus proceeding. Id. at 331 (holding that Heck v. Humphrey applies to prison administrative proceedings); see also Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994) ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment ... a § 1983 plaintiff must prove that the conviction or sentence has been reversed ... or called into question by a federal court's issuance of a writ of habeas corpus.") (footnote omitted). Graham's petition for a writ of habeas corpus on this exact claim was denied.[5] Graham v. McBride, No. 93-2261, 1994 WL 198782 (7th Cir. May 20, 1994) (unpublished order). Thus, he cannot recover damages on this claim.
 
 
 10
 Similarly, under Sandin, Graham's claim of having a liberty interest in being free from segregation after five days--absent any allegation that the outcome would affect the duration of his sentence--fails. At most, Graham was held in segregation 3 days longer than permitted under AADP § 11(B)(1). In Sandin, the Supreme Court held that a prisoner improperly held in segregation for 30 days did not implicate a due process liberty interest. Sandin v. Conner, 115 S.Ct. at 2302. Graham has failed to point to anything unusual or atypical about his confinement in segregation. See Sandin, 115 S.Ct. at 2300. Therefore, this claim fails.
 
 
 11
 Graham's only remaining claim is that the magistrate judge erred in finding that his 1990 claims were outside the scope of the case. However, both the magistrate judge and the district court judge addressed these claims on the merits. Thus, even if the magistrate judge was wrong on that point, any alleged error caused no harm to Graham.
 
 
 12
 For these reasons, the district court's judgment is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Graham alleged several violations of his civil rights. In addition to the two procedural due process claims at issue in this appeal, Graham also alleged a violation of his right to access the U.S. Mail, a violation of his equal protection rights, a violation of the Eighth Amendment, and a violation of his right to access to the prison law library
 
 
 [2]
 Graham's claim of interference with his access to mail became moot because the defendant involved, Darlene Moody, was deceased by the time the trial occurred. (Mem. and Order in Graham v. Deutscher, No. 89 C 236, at 3 (N.D.Ill.1995).) It is unclear from the record before us how the other claims raised in Graham's complaint were resolved
 
 
 [3]
 Two collateral matters were resolved prior to the bench trial on Graham's § 1983 claims. First, Graham's 1991 motion for a preliminary injunction was denied by the district court on June 27, 1991; a decision that we affirmed in Graham v. Deutscher, No. 91-2794, 1992 WL 341289 (7th Cir. Nov. 20, 1992) (unpublished order). Then, as a result of our November 20, 1992 decision, Graham filed a petition for a writ of habeas corpus, which the district court also denied. We affirmed this decision in Graham v. McBride, No. 93-2261, 1994 WL 198782 (7th Cir. May 20, 1994) (unpublished order)
 
 
 [4]
 Graham raised this issue in his 1991 motion for a preliminary injunction. Clearly this raises the issue of whether the circumstances of Graham's 1990 disciplinary proceedings are within the scope of his 1989 complaint, and therefore this case. We address this question below
 
 
 [5]
 Moreover, Graham failed to establish that Indiana law requires the expungement of disciplinary records when a procedural rule has been violated. Neither the AADP section he cites nor the example of a conduct report that was expunged from his record in 1992 based on a procedural error support his claim. AADP § 11(B)(4) requires expungement when no charges are brought or when CAB makes a finding of not guilty. Graham falls into neither category. Further, the example Graham provided does not prove that state law requires that result