Wendell HUDSON, a/k/a William Hill, Plaintiff–Appellant,

v.

David FULLER, et al., Defendants–Appellees.

No. 02–1396.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 24, 2003.*

Decided Feb. 25, 2003.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, CUDAHY, and KANNE, Circuit Judges.

## ORDER

Inmate Wendell Hudson contends in this action under 42 U.S.C. § 1983 that employees of the Cook County Sheriff's Department violated his constitutional rights while he was detained pending trial at the county jail. The district court initially permitted Hudson to proceed without prepaying the entire filing fee, but upon learning that Hudson's history of frivolous litigation prohibited him from proceeding without prepayment, the court dismissed the case. Hudson now appeals pro se, and we affirm.

Hudson initiated the action in December 1999 by filing a form complaint prepared with the assistance of an inmate law clerk at Big Muddy River Correctional Center. (The state had imprisoned Hudson at Big Muddy River after he was convicted on the charges that led to his pretrial detention at the county jail.) Instructions on the form directed Hudson to briefly state his claim, and Hudson complied by describing how he allegedly had been beaten, harassed, and denied medical care at the jail. Among other things, the instructions also called for Hudson to state whether he had filed any prior suits "relating to your imprisonment." Hudson responded by checking the box marked, "No."

Hudson attached to the complaint an application to proceed *in forma pauperis* along with a log documenting the activity in his inmate trust account for the previous six months. The court granted the application and began collecting partial payments from Hudson's account to cover the $150 filing fee. The defendants then answered the complaint. (One defendant—the Cook County Sheriff—filed a motion to dismiss, which was granted. He is not a party to the appeal.) The district court eventually recruited an attorney to represent Hudson, and after the attorney amended the complaint on Hudson's behalf, the defendants moved for a judgment on the pleadings. Fed.R.Civ.P. 12(c).

In support of their motion, the defendants observed that while imprisoned Hudson previously had filed at least three other lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, and therefore he should have been barred under the Prison Litigation Reform Act from proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(g). The defendants also maintained that Hudson had deceived the court when on the original form complaint he denied having previously filed any lawsuits related to his imprisonment. Conceding that he indeed had "three strikes" under the PLRA, Hudson responded that the action should not be dismissed since either he or his attorney planned to pay the remaining portion of the filing fee within thirty days.

Noting that Hudson had not responded to the charge of intentionally deceiving the court, the judge dismissed the case. The court concluded that Hudson intentionally

had misrepresented his litigation history, and so labeled the suit "malicious." Twenty-seven days later Hudson filed a notice of appeal and also moved for reconsideration. In his motion Hudson asserted for the first time that he thought that the question on the form complaint about prior cases "relating to your imprisonment" concerned only cases filed during his *current* term of incarceration. Because he had filed his other cases during *earlier* prison stretches, he contended, he thought that he had answered the question accurately. Unpersuaded, the court denied the motion.

On appeal Hudson has paid the appellate filing fee and again concedes that the resolutions of his prior actions precluded him from proceeding *in forma pauperis*. His argument is that the court improperly dismissed the case because he honestly believed that the form complaint required him to disclose only those cases filed during his current term of imprisonment.

There are two problems with Hudson's argument. First, Hudson did not make the argument in opposition to the defendants' motion for a judgment on the pleadings. Only in his motion for reconsideration did he contend that he simply misunderstood the question on the form complaint. But Hudson's motion, which was filed more than ten days after entry of the underlying judgment and thus is treated as a motion under Federal Rule of Procedure 60(b), was denied after he filed his notice of appeal. So he needed to file an amended or separate notice of appeal to preserve the argument. *Goffman v. Gross,* 59 F.3d 668, 672–73 (7th Cir.1995); *see also Berwick Grain Co. v. Ill. Dep't of Agric.,* 189 F.3d 556, 558–59 (7th Cir. 1999).

Second, the argument, even if properly preserved, would not undermine the district court's dismissal. When a district court concludes that the plaintiff has misrepresented his eligibility to proceed *in forma pauperis,* for example by misrepresenting his financial condition, and dismisses the suit with prejudice, our review is deferential. The factual finding that a misrepresentation occurred is reviewed for clear error, and the managerial decision to dismiss the suit as a sanction is reviewed for abuse of discretion. *See Thomas v. Gen. Motors Acceptance Corp.,* 288 F.3d 305, 307–08 (7th Cir.2002). Neither sort of error occurred here, so the judgment is

AFFIRMED.