[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 18, 2006
THOMAS K. KAHN
CLERK

No. 04-12834

D.C. Docket No. 02-61738-CV-CMA

MOHAMED MOHAMED,

Plaintiff-Appellant,

versus

PUBLIX SUPER MARKETS, INC.,
a Florida corporation,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Florida

**(January 18, 2006)**

Before EDMONDSON, Chief Judge, BARKETT, Circuit Judge, and HUNT[*], Senior
District Judge.

PER CURIAM:

---

[*] Honorable Willis B. Hunt, Jr., United States Senior District Judge for the Northern
District of Georgia, sitting by designation.

Mohamed Mohamed appeals the lower court's denial of his post-trial motions, and he contends that the District Court committed reversible error in fashioning the jury instructions. He also argues that the jury's determination that he was entitled to no relief on his Fair Labor Standards Act claim was contrary to the clear weight of the evidence. For the reasons that follow, we affirm.

## BACKGROUND

Mohamed filed this action against his former employer, Publix Supermarkets, Inc., alleging racial and ethnic discrimination and retaliation. Additionally, he raised a claim under the Fair Labor Standards Act, alleging that he did not receive his final paycheck. Following a three-day trial, the jury returned a verdict in favor of Publix on all counts.

The District Court entered judgment on April 30, and Mohamed timely filed a notice of appeal on May 28, 2004. Thereafter, Mohamed filed with this Court a motion to relinquish jurisdiction to allow the District Court to entertain post-trial motions. In that motion, he claimed that there had been certain irregularities in the manner in which the judgment was issued and docketed which caused him to miss his deadline to file the post-trial motions. By Order dated September 8, 2004, this Court granted the motion and stayed the appeal. Mohamed then filed in the District Court

2

a Rule 60(b) motion, which the District Court considered and denied. After the District Court denied Appellant's Rule 60(b) motion, we lifted the stay, thus allowing this appeal to proceed. He did not appeal the District Court's denial of his Rule 60(b) motion.

**DISCUSSION**

The Court notes initially that we do not have jurisdiction to entertain Appellant's first enumeration of error which concerns the District Court's denial of his Rule 60(b) motion. When a Rule 60(b) motion is filed after the notice of appeal from the underlying judgment, a separate notice of appeal is required in order to preserve the denial of the Rule 60(b) motion for appellate review. See Williams v. Chater, 87 F.3d 702, 705 (5th Cir. 1996); Goffman v. Gross, 59 F.3d 668, 672-73 (7th Cir. 1995); Karras v. Karras, 16 F.3d 245, 247 (8th Cir. 1994); see also Stone v. INS, 514 U.S. 386, 401 (1995) (noting, in a different context, that the denial of a Rule 60(b) motion is appealable as a separate, final order). Because Appellant did not file a separate notice of appeal, he cannot challenge the District Court's denial of his Rule 60(b) motion.

As for the remaining issues raised in this appeal, we cannot meaningfully review them because Mohamed has not provided an adequate record. He did not

3

order a transcript of the entire trial; rather, he has provided the Court with only a transcript of his own direct examination and a transcript of the charge conference.

This Court reviews "a jury's verdict to determine whether reasonable and impartial minds could reach the conclusion the jury expressed in its verdict." Parker v. Scrap Metal Processors, Inc., 386 F.3d 993, 1010 (11th Cir. 2004). "The verdict must stand unless there is no substantial evidence to support it." Id. (internal quotations omitted). Here, Mohamed failed to provide us with a complete trial transcript, making it impossible for us to conduct a meaningful review of the jury's verdict on the Fair Labor Standards Act claim. Similarly, without the benefit of the trial transcript, we cannot determine whether the challenged instruction was warranted in light of the evidence at trial. See McKenzie v. Benton, 388 F.3d 1342, 1353 (10th Cir. 2004) (stating that in reviewing a District Court's jury instructions, the appellate court must look to the entire record as a whole). For this reason, we are compelled to affirm on these grounds.

**AFFIRMED**.