78 F.3d 587
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ivan VON ZUCKERSTEIN, Devabhaktuni Ramaswami, Mohan Jain, et
al., Plaintiffs-Appellants,
v.
ARGONNE NATIONAL LABORATORY, Defendant-Appellee.
 No. 95-1118.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 16, 1996.
Decided Feb. 27, 1996.
 
 Before CUMMINGS, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiffs are former employees of Argonne National Laboratory ("Argonne") who filed suit under § 1981 and Title VII, alleging that Argonne discriminated against them on the basis of race and national origin. On May 31, 1991, the district court granted Argonne's motion for a directed verdict and dismissed plaintiffs' claims. The plaintiffs appealed the district court's decision. We affirmed the district court's judgment on January 29, 1993 and issued a thorough opinion addressing the merits of plaintiffs' numerous claims. See Von Zuckerstein v. Argonne Nat'l Lab., 984 F.2d 1467 (7th Cir.1993). After our affirmance, Argonne pursued collection of its costs in district court. During those extensive proceedings, plaintiffs moved under Rule 60(b) for relief from the judgment, claiming that Argonne secured the verdict through fraud. On November 28, 1994, the district court denied plaintiffs' motion. The plaintiffs have appealed pro se the district court's decision denying relief under Rule 60(b). We affirm.
 
 
 2
 We review the district court's denial of the Rule 60(b) motion for an abuse of discretion. Provident Sav. Bank v. Popovich, 71 F.3d 696, 698 (7th Cir.1995). Plaintiffs argued in district court, as they argue here, that Argonne committed fraud by claiming, at trial and on appeal, that it was owned by the United States Department of Energy ("DOE"). This deception, plaintiffs contend, led the courts to apply a heightened standard applicable to suits against governmental employers. In Jett v. Dallas Indep. Sch. Dist., 109 S.Ct. 2702, 2721 (1989), the Supreme Court held that municipalities may not be held liable for their employees' violations of § 1981 under a respondeat superior theory. The Court concluded that § 1983, which requires a showing of an official custom or policy, provides the exclusive federal damages remedy for § 1981 claims against state actors. Id. at 2723. Private employers, in contrast, can be sued for damages under § 1981 itself, and therefore can be held liable under the theory of respondeat superior. Horn v. Duke Homes, 755 F.2d 599, 605 (7th Cir.1985).
 
 
 3
 Plaintiffs present us with no evidence that Jett was applied to deny their claims at trial or on their original appeal. Plaintiffs rely on the following sentence from our first opinion to support their claim: "While the plaintiffs may have offered evidence of racial animus on the part of supervisors at Argonne, none has offered any direct evidence of discriminatory intent on the part of Argonne." Von Zuckerstein, 984 F.2d at 1472. Admittedly, when taken out of context, this language may appear to distinguish between the actions of supervisors and the actions of Argonne itself, which would be appropriate under Jett. The previous sentence of the opinion, however, sets forth the basic methods of proof in § 1981 and Title VII cases: "A plaintiff bringing suit under section 1981 or Title VII can meet his burden of proof for establishing intentional discrimination either through direct proof of discriminatory intent, Trans World Airlines, Inc. v. Thurston, 105 S.Ct. 613 (1985), or through the indirect, burden-shifting method of proof first elaborated in McDonnell Douglas Corp. v. Green, 93 S.Ct. 1817 (1973)." Von Zuckerstein, 984 F.2d at 1472. When read in its proper context, the language plaintiffs seize upon merely contrasts a generalized racial animus, which alone is not enough to constitute a § 1981 or Title VII violation, with a specific act of intentional racial discrimination. Section 1981 and Title VII prohibit employers from basing concrete employment decisions on a person's race; they do not provide remedies for a supervisor's abstract racial animus.
 
 
 4
 Plaintiffs also fail to demonstrate that Argonne attempted to defraud the courts in any manner. Argonne's certificate of interest for the first appeal correctly stated that Argonne is owned by the DOE and operated under contract by a private entity, the University of Chicago.[1] Plaintiffs did not sue Argonne under § 1983, nor did Argonne ever claim that it was a state actor. Argonne never maintained, either before the district court or on appeal, that it was insulated from liability by Jett. We view plaintiffs Rule 60(b) motion as nothing more than an attempt to relitigate the merits of their suit. Plaintiffs' appeal is utterly devoid of merit, and we therefore AFFIRM the district court's decision.
 
 
 
 [1]
 Apparently, the DOE owns Argonne's land, buildings, and fixtures