95 F.3d 1154
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ivan VON ZUCKERSTEIN, Plaintiff-Appellant,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION,[1]
Formation of Financial Institutions, Inc., and its
officers, directors, and agents, Maureen
Mulchay, et al., Defendants-Appellees.
 No. 95-3542.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 1, 1996.*
 Decided Aug. 21, 1996.
 
 Before RIPPLE, MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Ivan Von Zuckerstein appeals from the district court's denial of his motion to vacate sanctions imposed for serving summons and a complaint that lacked a basis in fact. We affirm.
 
 BACKGROUND
 
 2
 This appeal arises from a lengthy history of disputes between Von Zuckerstein and his bank, the United Savings of America, dating back to early 1981, when Von Zuckerstein first obtained financing from the bank to purchase a home. In May 1988, Von Zuckerstein filed a suit against United Savings in the Circuit Court of Cook County, in which he alleged that the loan was usurious in certain respects. The suit was subsequently removed to the district court. Von Zuckerstein amended his complaint in April 1992 to add charges that the bank, its subsidiary, and its successor, along with various bank officers and lawyers, had engaged in a pattern of racketeering in violation of RICO (Racketeer Influenced and Corrupt Organizations Act), 18 U.S.C. § 1962(a)-(d). At a hearing in February 1993, Judge Zagel made an oral ruling to dismiss most of the defendants in Von Zuckerstein's lawsuit. Judge Zagel gave several reasons for his ruling, just one of which was that the complaint failed to allege specific acts of wrongdoing on the part of defendants. The judge also explained that Von Zuckerstein's RICO charge had not been properly pled, that the RICO claim was untimely, that there was no clear indication of enterprise, and that the claims against all except one of the lawyers (David Kabat) had been filed without apparent good faith. The judge, however, expressed concern that Von Zuckerstein had not secured service on one of the defendants, Nicholas Duric, in-house counsel for United Savings. (R. 78, Tr. of 2/16/93, at 3.) Later, toward the end of the hearing, Judge Zagel said: "With the possible exception of the defendant Duric whose status I am unclear about, this concludes the case with respect to all defendants except those who have answered." (Id. at 8.)
 
 
 3
 Von Zuckerstein subsequently arranged for service of the summons and complaint on defendant Duric in March 1993. Von Zuckerstein made numerous unsubstantiated claims about Duric, including allegations that Duric "sold" Von Zuckerstein's house at a sheriff's sale, that Duric "knowingly participated in the collection of overcharges based on fraudulent mortgage statements," and that Duric "directed and overseen" [sic] the Federation's mailing out of fraudulent mortgage statements." Duric moved to dismiss the complaint, and Von Zuckerstein responded. In his reply brief, Duric claimed that Von Zuckerstein's claims were time-barred and devoid of specific or factual allegations against him.
 
 
 4
 Duric also moved for sanctions on the basis that Von Zuckerstein's allegations were groundless, made without investigation, and were intended to harass. Von Zuckerstein filed a response in which he essentially repeated the allegations made in his complaint. Von Zuckerstein added that he needed discovery before he could respond to Duric's motion for sanctions.
 
 
 5
 In May 1993, Judge Zagel granted Duric's motion to dismiss. The judge found that Von Zuckerstein's RICO claims were time-barred and inadequately alleged. The judge also found that the only apparent basis for Von Zuckerstein's claim was that Duric was employed by a bank against which Von Zuckerstein had a grievance.
 
 
 6
 In October 1993, a hearing was held before Judge Zagel on various motions, including Duric's motion for sanctions against Von Zuckerstein. Judge Zagel found that Von Zuckerstein lacked a good faith basis for serving summons and a complaint against Von Zuckerstein, and sanctioned Von Zuckerstein $1000. The court's judgment granting the motion for sanctions was entered in March 1994. (R. 148.)
 
 
 7
 In June 1995, the parties filed a Stipulation for Dismissal stating that the controversy had been fully settled and requesting that the appeal be dismissed without costs to any party. We dismissed the case under Federal Rule of Appellate Procedure 42(b). Von Zuckerstein v. Resolution Trust Corp., No. 94-2809 (7th Cir. June 16, 1995).
 
 
 8
 Later that month, Von Zuckerstein filed a motion to vacate sanctions against him. In this motion, he asserted that the parties in this litigation had reached a comprehensive settlement of all their claims in this case, and agreed to release each other against any claims still outstanding. He also asserted that his deficient pleadings which led to his sanction in October 1993 resulted from his being an immigrant and a non-attorney, as well as his "lack of skill." (R. 183, at 2.)
 
 
 9
 In October 1995, Judge Zagel issued a one-sentence summary order denying Von Zuckerstein's motion to vacate sanctions.
 
 DISCUSSION
 
 10
 Because Von Zuckerstein's June 1995 motion to vacate sanctions was filed more than ten days after entry of judgment (March 21, 1994), we construe the motion under Rule 60(b). His motion in fact was filed more than one year after entry of judgment; consequently, Von Zuckerstein is precluded from relying upon the first three subsections of Rule 60(b). He therefore may be relieved from judgment under Rule 60(b) only if:
 
 
 11
 (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
 
 
 12
 Furthermore, a party requesting relief under Rule 60(b) is not entitled to a review of the merits of the underlying judgment. Jones v. Phipps, 39 F.3d 158, 162 (7th Cir.1994). Relief under Rule 60(b) is "an extraordinary remedy to be granted only in exceptional circumstances." Provident Sav. Bank v. Popovich, 71 F.3d 696, 698 (7th Cir.1995). We review the district court's denial of relief under Rule 60(b) for abuse of discretion. Id.
 
 
 13
 Von Zuckerstein's first objection to the Rule 11 sanctions is that he engaged in no improper conduct when he made service upon Duric. This objection, however, challenges the merits of the district court's underlying judgment and therefore lies beyond the scope of our review. See Jones, 39 F.3d at 162. For similar reasons, we cannot entertain Von Zuckerstein's other argument that Judge Zagel, being Jewish, discriminated against him because of his German ancestry. (Von Zuckerstein's Br. at 6, 9.) Von Zuckerstein has failed to apprise us of how his case qualifies for relief under any of the subsections (4)-(6) of Rule 60(b).
 
 
 14
 Von Zuckerstein's status as a pro se litigant does not save his case.[2] Rule 11 "appl[ies] to anyone who signs a pleading, motion, or other paper." Fed.R.Civ.P. 11., Notes of Advisory Committee on Rules, 1983 Amendment. One's status as a pro se litigant may be considered, but sanctions can be imposed for any lawsuit that is frivolous. "Although the standard is the same for unrepresented parties, who are obliged themselves to sign the pleadings, the court has sufficient discretion to take account of the special circumstances that often arise in pro se situations." Id. See Vukadinovich v. McCarthy, 901 F.2d 1439, 1445 (7th Cir.1990), cert. denied, 498 U.S. 1050 (1991). It cannot be said that the district court abused its discretion in denying the motion to vacate sanctions.
 
 CONCLUSION
 
 15
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 On December 31, 1995, the Resolution Trust Corporation ("RTC"), one of several appellees in this case, was terminated pursuant to 12 U.S.C. § 1441a(m)(1). The Federal Deposit Insurance Corporation ("FDIC") statutorily succeeded the RTC in this case. Neither the FDIC nor the RTC filed a brief in this matter
 
 
 *
 After an examination of Von Zuckerstein's brief and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the brief and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [2]
 Von Zuckerstein is no stranger to the litigation process. See, e.g., Von Zuckerstein v. Argonne Nat'l Laboratory, No. 95-1118, 1996 WL 88073 (7th Cir. Feb. 27, 1996); Von Zuckerstein v. Argonne Nat'l Laboratory, 984 F.2d 1467 (7th Cir.1993); Von Zuckerstein v. Argonne Nat'l Laboratory, No. 86 C 6304, 1994 WL 118520 (N.D.Ill. Apr. 6, 1994); Von Zuckerstein v. Argonne Nat'l Laboratory, No. 86 C 6304, 1991 WL 98967 (N.D.Ill. June 1, 1991); Von Zuckerstein v. Argonne Nat'l Laboratory, 760 F.Supp. 1310 (N.D.Ill.1991); Von Zuckerstein v. Argonne Nat'l Laboratory, 663 F.Supp. 569 (N.D.Ill.1987); Von Zuckerstein v. Village of Lamont, No. 92 C 4021, 1994 WL 127311 (N.D.Ill. Apr. 7, 1994); Von Zuckerstein v. Village of Lamont, No. 92 C 4021, 1993 WL 313533 (N.D.Ill. Aug. 17, 1993); Von Zuckerstein v. Village of Lamont, No. 92 C 4021, 1993 WL 120491 (N.D.Ill. Apr. 16, 1993)