**PROVIDENT SAVINGS BANK,**
**Plaintiff–Appellee,**

v.

**Nick POPOVICH, Defendant–Appellant.**

**Nos. 94–1489, 94–2242 and 94–3817.**

United States Court of Appeals,
Seventh Circuit.

Argued April 20, 1995.
Decided Dec. 11, 1995.

---

9. Additionally, Cawley has not offered any objective evidence of depression.

Warren J. Marwedel, Dennis Minichello, Shari L. Friedman (argued), Keck, Mahin & Cate, Chicago, IL, for Plaintiff–Appellee in No. 94–1489.

Michael H. Moirano (argued), Nisen & Elliott, Chicago, IL, Patricia Susan Spratt, Shefsky, Froelich & Devine, Chicago, IL, for Defendant–Appellant in Nos. 94–1489, 94–2242 and 94–3817.

Warren J. Marwedel, Dennis Minichello, Shari L. Friedman (argued), Keck, Mahin & Cate, Chicago, IL, Joseph Stalmack, Galvin, Stalmack & Kirschner, Hammond, IN, for Plaintiff–Appellee in No. 94–2242.

Warren J. Marwedel, Dennis Minichello, Shari L. Friedman (argued), Keck, Mahin & Cate, Chicago, IL, Joseph Stalmack, John J. Murphy, Galvin, Stalmack & Kirschner, Hammond, IN, for Plaintiff–Appellee in No. 94–3817.

Before KANNE and ROVNER, Circuit Judges, and SHABAZ, District Judge.*

ILANA DIAMOND ROVNER, Circuit Judge.

In August 1989, Marine Partners Ltd., Inc., a corporation of which Nick Popovich was President and sole shareholder, purchased a marine vessel for the price of $340,000. The corporation made a $100,000 down payment and borrowed the remaining $240,000 from Yegen Marine, in whose favor it executed a note on August 31, 1989. The note promised monthly payments of $2800. On the same date, Yegen assigned its interest in the note to Provident Savings Bank, and on September 1, Marine Partners executed a mortgage on the vessel in favor of

---

* The Honorable John C. Shabaz of the Western District of Wisconsin, sitting by designation.

Provident. All of these documents were signed by Popovich in his capacity as president of Marine Partners. Finally, on September 7, 1989, Popovich executed a personal guaranty on the note that provided:

> FOR VALUE RECEIVED, the undersigned ... hereby guarantee(s) to YEGEN ASSOCIATES, INC., Yegen Marine Division ... its endorsees or assigns, the prompt payment of the loan evidenced by a Promissory Note dated 8–31, 1989, by Marine Partners Limited, Inc. ...

Sometime after these documents had been executed, Marine Partners assigned all of its rights and interest in the vessel to Popovich.

On February 10, 1992, Provident sued Marine Partners and Popovich, alleging that it had received no payments on the note since July 1990. Popovich defended the suit pro se, and the district court entered a default judgment against the partnership and the vessel in the amount of $297,297. After the vessel was sold to Provident at a United States Marshal's sale for $50,000, Provident moved for summary judgment against Popovich for the remaining deficiency of $246,367. Still proceeding pro se, Popovich did not contest his personal liability for the deficiency. Instead, he focused exclusively on whether the offset amount should be based on the foreclosure sale price or on the fair market value of the vessel. Finding for Provident on that issue, the district court entered a judgment against Popovich for the full $246,367. Provident then moved for attorney's fees, which were provided for in both the note and the mortgage,[1] and the district court granted its motion.

After these judgments had been entered, Popovich retained counsel and filed a motion for relief from judgment under Fed.R.Civ.P. 60(b)(2), (3) and (6), which respectively provide for relief on the grounds of "newly discovered evidence," "fraud ... misrepresentation, or other misconduct," and "any other reason justifying relief from the operation of judgment." It was in his Rule 60(b)

motion that Popovich asserted for the first time that he was not personally liable under the note and mortgage. Yet because Rule 60(b) does not provide a forum for reviving issues that were not raised prior to the entry of judgment (*see Anderson v. Flexel, Inc.,* 47 F.3d 243, 247 (7th Cir.1995) (collecting cases)), the merits of this issue were still not before the district court. Instead, the court's ruling on Popovich's Rule 60(b) motion was limited to whether Popovich had established any of the asserted grounds for relief under the rule. Finding that he had not, the district court denied Popovich's motion. Popovich now appeals the court's ruling as to subsections (3) and (6) of Rule 60(b). He also appeals the district court's award of attorneys' fees to Provident, asserting again that he should not be held personally liable for any promises contained in the note or mortgage. We affirm on both issues.

### Rule 60(b)

Relief under Rule 60(b) is an extraordinary remedy that is to be granted only in exceptional circumstances. *Camp v. Gregory,* 67 F.3d 1286, 1290 (7th Cir.1995); *Mares v. Busby,* 34 F.3d 533, 535 (7th Cir. 1994); *Dickerson v. Bd. of Educ.,* 32 F.3d 1114, 1116 (7th Cir.1994). In addition, we review a district court's denial of relief under Rule 60(b) for an abuse of discretion, and we will reverse only if we conclude that no reasonable person could agree with the district court's determination. *United States v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply,* 55 F.3d 1311, 1313 (7th Cir.1995); *Mares,* 34 F.3d at 535. Because we are limited to the question of whether a district court's Rule 60(b) determination involved an abuse of discretion, we do not review the merits of the underlying judgment, and our review is far narrower than it would be on direct appeal. *Lee v. Village of River Forest,* 936 F.2d 976, 979 (7th Cir. 1991). We emphasize this limitation here because of Popovich's persistent but belated

---

**1.** The note provides:

> Customer agrees to pay any reasonable attorney's fees and costs of trial and appeal to enforce the terms of this Agreement.

The mortgage provides:

> I agree to pay such late charge and attorney's fees as become due under the Promissory Note secured by this Mortgage, if proceedings are brought to foreclose this mortgage.

focus on the merits of the personal liability issue.

### Rule 60(b)(3)

■ Rule 60(b)(3) provides for relief from judgment on the grounds of "fraud ..., misrepresentation, or other misconduct of an adverse party...." To obtain relief under this subsection, a party must prove, by clear and convincing evidence, that:

> (1) the party maintained a meritorious claim at trial; and (2) because of the fraud, misrepresentation or misconduct of the adverse party; (3) the party was prevented from fully and fairly presenting its case at trial.

*Lonsdorf v. Seefeldt,* 47 F.3d 893, 897 (7th Cir.1995).

We need not concern ourselves with the merits of Popovich's prejudgment position before the district court because he has failed to satisfy either the second or the third prongs of the *Lonsdorf* formulation. First, he has not established any fraud, misrepresentation or misconduct on the part of Provident. The "misrepresentation" that Popovich identifies is Provident's position before the district court that Popovich was personally liable to the bank for repayment of the loan. Popovich contends that this representation was false because Provident was not covered by his personal guaranty, which had not been assigned to the bank. He also asserts that he was not personally liable to Provident under the mortgage, because he had executed that document only in his capacity as president of Marine Partners.

As to the facts surrounding Popovich's execution of the mortgage, the guaranty and the assignment, however, the parties are not now and never have been in dispute. Both sides recognize that the guaranty was not itself formally assigned to Provident. The assignment was executed on August 31, 1989, a week before the guaranty was signed, and the assignment refers only to the "Promissory Note, Security Agreement and all other related documents dated 8–31–89." The guaranty, not executed until September 7, was neither referenced in this assignment nor assigned by way of any subsequent document. It is also both true and undisputed that Popovich executed the mortgage only in his capacity as president of Marine Partners.

Not only are these facts undisputed, but Popovich does not contend that they were misrepresented in any way to the district court. Instead, the misrepresentation that he asserts lies in Provident's *interpretation* of these facts. Popovich argues that the guaranty's promise to make "prompt payment of the loan evidenced by a Promissory Note dated 8–31, 1989" to "Yegan Associates, Inc., Yegan Marine Division, *its endorsees or assigns*" (emphasis added) did not extend to Provident, even though Provident was the assignee of Yegan's note, because the guaranty was not itself assigned to the bank. Under Popovich's theory, the term "assigns" in the guaranty refers only to assignees of the guaranty, but not to assignees of the note. Provident, not surprisingly, takes the opposite view, just as it did (albeit implicitly) before the district court, when it proceeded under the theory that Popovich was personally responsible for the debt.

But the parties' competing positions on this issue amount to nothing more than differing legal theories as to the significance of the undisputed facts. This purely legal dispute has nothing to do with misrepresentation or misconduct. Provident merely adopted a litigation position and presented it to the district court. In our adversarial system, the obligation to present the contrary legal argument fell on Popovich, not Provident. As already noted, Popovich did not contest his personal liability prior to judgment, but focused instead on the calculation of the offset amount.

■ Popovich's suggestion of impropriety in Provident's failure to apprise the court of what should have been his own legal position seems to rest in large part on the fact of his pro se status during the proceedings. But the pro se status of an opponent does not impose any special duty on a litigant. Provident was under no obligation, legal or ethical, to fill in any gaps caused by Popovich's choice to proceed without the benefit of counsel. Although pro se litigants are entitled to some procedural protections (*see, e.g., Jones v. Phipps,* 39 F.3d 158, 163 (7th Cir.1994);

*Timms v. Frank,* 953 F.2d 281, 283–84 (7th Cir.), *cert. denied,* 504 U.S. 957, 112 S.Ct. 2307, 119 L.Ed.2d 228 (1992)), they are in general subject to the same waiver rules that apply to parties who are represented by counsel. *Dixon v. Chrans,* 986 F.2d 201, 203 (7th Cir.1993) (citing *Wilson v. Giesen,* 956 F.2d 738, 741 (7th Cir.1992)). And if pro se litigants can waive arguments by failing to raise them, then their opponents are certainly under no obligation to impede the operation of this rule. Popovich has cited no authority suggesting otherwise.

Popovich has also failed to establish the third element necessary to obtain relief under Rule 60(b)(3)—that Provident's representations to the district court "unfairly prejudiced" him by preventing him from "fully and fairly presenting [his] case." *Lonsdorf,* 47 F.3d at 897; *West v. Love,* 776 F.2d 170, 176 (7th Cir.1985). As we have already noted, Provident's pursuit of a litigation position favorable to its own interests did not prevent Popovich from presenting a contrary theory to the district court. Provident hid no facts, withheld no documents and employed no obstructionist tactics. Again, Popovich seems to be suggesting that Provident be held to a special standard, based on his own pro se status, under which it would have been required to present his position as well as its own. But that suggestion is simply without support in our law. Provident did not prevent Popovich from presenting his case to the court, and it certainly did not commit misconduct by failing to do so for him. Popovich has failed to establish that he was unfairly prejudiced, and the district court did not abuse its discretion in denying him relief under Rule 60(b)(3).

### Rule 60(b)(6)

■ Rule 60(b)(6) provides for relief from judgment for "any other reason justifying relief from the operation of the judgment." In a rule already limited in application to extraordinary circumstances, proper resort to this "catch all" provision is even more highly circumscribed. *Pantoja v. Texas Gas & Transmission Corp.,* 890 F.2d 955, 960 (7th Cir.1989), *cert. denied,* 497 U.S. 1024, 110 S.Ct. 3272, 111 L.Ed.2d 782 (1990)

(Rule 60(b)(6) is to be applied only in "the most extraordinary of circumstances."). Moreover, we have previously explained that "carelessness or a lack of due care on the part of a litigant or [his] attorney does not provide a basis for relief" under Rule 60(b)(6). *Williams v. Hatcher,* 890 F.2d 993, 996 (7th Cir.1989) (quoting *McLaughlin v. Jung,* 859 F.2d 1310, 1312 (7th Cir.1988)). Failing to raise all available theories below, therefore, does not justify relief under Rule 60(b)(6). *See, e.g., Lee,* 936 F.2d at 979–80.

Popovich's contention that his case qualifies for relief under subsection (6) is again based primarily on the assertion that he was as a pro se litigant, duped by the shrewd tactics of Provident's counsel. But this argument is no more availing under subsection (6) than it was under subsection (3). Popovich's failure to contest his personal liability under the note and mortgage simply cannot be overcome by the fact that he chose to proceed pro se. If Popovich's pro se status does not protect him from operation of the ordinary rules of waiver, it certainly does not rise to the level of an extraordinary circumstance entitling him to relief under Rule 60(b)(6), and Popovich has cited no cases suggesting otherwise. The district court did not abuse its discretion when it denied Popovich's motion for relief from judgment under Rule 60(b)(6).

### Fees

■ The district court awarded fees to Provident based on fee provisions in both the note and mortgage. Popovich's objection to the award of fees rests again on his assertion that he is not personally liable under either document. Because our analysis until this point has not examined the merits of this issue, affirmance of the district court's fees determination does not necessarily follow directly from our holding on the Rule 60(b) issue. As already discussed, however, the argument that Popovich was not personally liable under the loan documents was never properly before the district court. First contesting his personal liability at the Rule 60(b) stage, Popovich did not make this argument prior to judgment or in response to Provident's motion for fees. The argument that

he was not personally liable for promises contained in the loan documents therefore was waived in the fees context just as it was on the merits.[2] The district court's award of fees to Provident was not an abuse of its discretion.

### Conclusion

Popovich did not argue before the district court that he was not personally liable under the loan documents. His own failure in this regard does not create a "fraud . . ., misrepresentation, or other misconduct" on the part of Provident, which, despite Popovich's pro se status, was not obligated to reveal any flaws in his strategy. Popovich's pro se status is simply not an extraordinary circumstance justifying relief under Rule 60(b)(3) or (6). Popovich was not entitled to post-judgment relief, and the district court did not abuse its discretion in denying his Rule 60(b) motion. Indeed, because the issue of Popovich's personal liability was never properly before the district court, that issue was waived for purposes of the court's fees determination as well. The judgment of the district court is AFFIRMED.

---

**2.** The analysis is unchanged for those fees that were assessed following the Rule 60(b) determination. The court did not revisit its original fees determination when it ruled on the Rule 60(b) motion, nor did it rule on Popovich's personal liability at that time. The Rule 60(b) decision (in any event not favorable to Popovich) therefore had no bearing on the fees issue.