99 F.3d 1142
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Nicholas APOSTAL, Plaintiff-Appellant,
v.
CITY OF CRYSTAL LAKE, et al. Defendant-Appellees.
 No. 96-1399.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 2, 1996.
Decided Oct. 9, 1996.
 
 Before POSNER, Chief Judge, and BAUER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Nicholas J. Apostal filed a civil rights suit pursuant to 42 U.S.C. § 1983, claiming injuries suffered from excessive force used by a police officer when he handcuffed plaintiff.[1] Having failed to file a timely appeal, Apostal can appeal only from the district court order denying his motion for reconsideration. See Provident Savings Bank v. Popovich, 71 F.3d 696, 698 (7th Cir.1995). The motion for reconsideration, deemed filed under Fed.R.Civ.P. 60(b) because it was filed more than ten days after the final judgment was entered, see United States v. Deustch, 981 F.2d 299 (7th Cir.1992), will not be disturbed absent an abuse of discretion, Tolliver v. Northrop Corp., 786 F.2d 316, 318 (7th Cir.1986), something that Apostal has not shown here.
 
 
 2
 After counsel requested and received permission to voluntarily dismiss most of this appeal, new appellate counsel now seeks from this court a "limited remand" to try to convince the district court to reopen the Rule 60(b) proceedings or, even better, to reopen the underlying judgment. Having abandoned any appellate path which might lead to the relief he seeks, plaintiff should have dismissed this appeal and filed if he wished a second Rule 60(b) motion, trying again to penetrate the significant procedural obstacles which block any belated attempt to dislodge an underlying judgment.
 
 
 3
 The district court did not abuse its discretion in denying the motion for reconsideration, a motion which suggested not a single legally recognizable reason for disturbing the summary judgment in favor of defendants.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 On appeal, plaintiff has limited his attack to the claim against this defendant, Lester Lunsmann