**520**

**LYNNBROOK FARMS, an Illinois General Partnership, Plaintiff,**

v.

**SMITHKLINE BEECHAM CORPO-RATION and Norden Laboratories, Defendants.**

No. 94–1227.

United States District Court,
C.D. Illinois.

March 26, 1997.

Matthew C. Potts, Whitney & Potts, Ltd., Elmwood, IL, James A. Davis, James Allen & Assoc., P.C., Tremont, NE, for Plaintiff.

Thomas R. Nelson, John M. McGarry, Baker & McKenzie, Chicago, IL, Janell M. Gabor, Popham, Haik, Schnobrich & Kaufman, Ltd., Minneapolis, MN, Paul B. O'Flaherty, Jr., Baker & McKenzie, Chicago, IL, Scott A. Smith, Hinshaw & Culbertson, Minneapolis, MN, for Defendants.

### ORDER

MIHM, Chief Judge.

This matter comes before the Court on Plaintiff's Motion to Vacate Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) and Plaintiff's Motion for Leave to Amend Amended Complaint. For the reasons stated herein, Plaintiff's Motion to Vacate Judgment [# 42] is DENIED, and the Motion for Leave to Amend Amended Complaint [# 45] is also DENIED.

### Background

Plaintiff, Lynnbrook Farms, originally presented this Court with an Amended Complaint against Defendants, Smithkline Beecham and Norden Laboratories, in which Plaintiff claimed that it sustained a loss when vaccines manufactured by Defendants allegedly failed to perform as intended. On March 30, 1995, the Court granted Defendants' Motion for Summary Judgment in this matter on grounds that Plaintiff's claims against them were preempted as a matter of law. *Lynnbrook Farms v. Smithkline Beecham Corp.*, 887 F.Supp. 1100 (C.D.Ill.1995). This ruling was affirmed on appeal to the Seventh Circuit on March 21, 1996. *See Lynnbrook Farms v. Smithkline Beecham Corp.*, 79 F.3d 620 (7th Cir.1996). On April 3, 1 996, Plaintiff moved for rehearing *en banc*, which was summarily denied on April 22, 1996. Plaintiff's Petition for Writ of Certiorari to the United States Supreme Court was denied on October 7, 1996.

On December 30, 1996, Plaintiff filed the present Motion to Vacate Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), contending that subsequent changes in feder-

al law governing the preemption of state common law claims justify relief from the Judgment of this Court. Plaintiff's Motion was accompanied by a Motion for Leave to Amend Amended Complaint. Defendants respond that Plaintiff's attempt to rehash previously-rejected or waived arguments is frivolous and move for sanctions.

## Discussion

Plaintiff argues that Federal Rule of Civil Procedure 60(b)(6) authorizes this Court to grant relief from judgment. Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons ... (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time....

Fed.R.Civ.P. 60(b)(6). Relief from judgment is appropriately granted under Rule 60(b)(6) "only in 'the most extraordinary of circumstances.'" *Provident Savings Bank v. Popovich,* 71 F.3d 696, 700 (7th Cir.1995).

> The district judge must weigh incommensurables—the value of finality, the probability that an error affected the outcome of the proceeding, the probability that a second go-round would produce a "better" outcome, the costs of that second proceeding to the parties (and ultimately to society as the finality of judgments is undercut).

*Metlyn Realty Corp. v. Esmark, Inc.,* 763 F.2d 826, 831 (7th Cir.1985).

Plaintiff argues that the Seventh Circuit, in deciding the appeal in this case, articulated an exception to general preemption for common law actions for damages arising from noncompliance with United States Department of Agriculture (USDA) standards. While acknowledging that it had not specifically alleged noncompliance in its Amended Complaint, Plaintiff contends that it could not have foreseen the necessity of alleging noncompliance with greater specificity and should now be permitted to reopen this case to pursue whether the vaccines at issue were in full compliance with Virus–Serum–Toxin

Act ("VSTA") and USDA regulations. Additionally, Plaintiff argues that the Supreme Court's decision in *Medtronic, Inc. v. Lohr,* —— U.S. ——, 116 S.Ct. 2240, 135 L.Ed.2d 700 (1996), undermines the basis for a broad presumption of preemption under VSTA and permits suit to the extent that the action does not challenge the actual formula approved by the USDA or the adequacy of applicable federal regulations. In sum, Plaintiff argues that *Medtronic* and subsequent district court opinions constitute a significant change in the law, which should allow Plaintiff to avail itself of Rule 60(b) relief.

■ First, Plaintiff's contention that there has been a change in federal law as a result of *Medtronic* is incorrect. While *Medtronic* does clarify the scope of preemption of state law actions, the decision actually reaffirms the Seventh Circuit's position that state law actions for damages based on noncompliance with federal regulations are not preempted because they do not, impose requirements that are additional or different from those imposed by federal regulators. —— U.S. at ——, 116 S.Ct. at 2255. Accordingly, *Medtronic* does not merit vacating this Court's judgment. Moreover, Plaintiff's argument ignores the Seventh Circuit's express, finding that this case does not involve noncompliance. *Lynnbrook,* 79 F.3d at 630. Likewise, Plaintiff's reliance on *Gresham v. Boehringer Ingelheim Animal Health, Inc.,* 1996 WL 751126 (N.D.Ga. August 7, 1996), and *Garrelts v. SmithKline Beecham Corp.,* 943 F.Supp. 1023 (N.D.Iowa 1996), is misplaced. The plaintiff in *Gresham* was allowed to go forward with a damages action because his noncompliance argument was "made clear" in opposing summary judgment. 1996 WL 751126 at *3. Unlike the case at bar, *Gresham* contains no apparent indication that the plaintiff failed to rebut or otherwise offer additional facts to challenge an assertion of compliance by the defendant. *Garrelts,* on the other hand, does not support Plaintiff's position because that case involved an action for damages as a result of human injury and was not a "bad batch" or noncompliance claim. 943 F.Supp. at 1072.[1]

---

1. Even if there had been a post-judgment change     in controlling federal law, "a change in law is

Furthermore, contrary to Plaintiff's strident assertions, the Court finds that the vaccines' compliance with federal standards has been addressed in this matter. In response to Plaintiff's vague allegations that the vaccines were worthless, harmful, etc., Defendants produced the Affidavit of Cyril G. Gay, D.V.M., Ph.D. ("Dr.Gay") in support of their Motion for Summary Judgment before this Court. In his Affidavit, Dr. Gay stated:

> Each of the SBC vaccines involved in this litigation, through the licensure process and through post-licensure testing and evaluation, has been determined by APHIS to satisfy all requirements for purity, safety, potency, and efficacy contained in the APHIS standards. Each has been designed, manufactured and tested pursuant to APHIS standards; and of necessity APHIS approved the content and sufficiency of all design, manufacturing and testing data submitted prior to licensure of each vaccine.

Affidavit of Cyril G. Gay, D.V.M., Ph.D. at 4. Thus, Defendants themselves raised the issue of compliance with applicable standards. Despite acknowledging Defendants' assertion of compliance with USDA regulations, Plaintiff failed to challenge or otherwise rebut this evidence before this Court in response to the Motion for Summary Judgment. (*See* Brief in Support of Resistance to Summary Judgment Motion at 14.)

In Plaintiff's Memorandum in Response to Appellee's Memorandum in Support of Motion of Appellee Smithkline Beecham Corporation for Taking of Judicial Notice of Correspondence Dated December 22, 1995, from the Animal and Plant Health Inspection Service ("Judicial Notice Memo"), Plaintiff attempted to persuade the Seventh Circuit that a cause of action for noncompliance could not have been specifically pleaded in a complaint. (Judicial Notice Memo at 8–9.) The Court of Appeals affirmed the decision of this Court, stating:

> It is undisputed that SBC manufactured and marketed Cattlemaster 4 and Ultrabac 7/Somubac according to all APHIS regula-

tions. This is not a case involving noncompliance. Both vaccines have met APHIS standards for safety, purity, potency, and efficacy.

*Lynnbrook,* 79 F.3d at 630. Similarly, in Plaintiff's Petition for Rehearing *En Banc* ("Petition for Rehearing"), Plaintiff argued that it impliedly raised the issue of noncompliance in its Complaint, resulting in a genuine issue of material fact, and denied that it had conceded compliance. (Petition for Rehearing at 12–13.) The request for rehearing was denied. *Lynnbrook Farms v. Smithkline Beecham,* 95–2051 (7th Cir. April 22, 1996.) After the issuance of the Supreme Court opinion in *Medtronic,* Plaintiff requested that the Court of Appeals recall its Mandate in this case due to an alleged conflict with *Medtronic.* (Motion to Recall Mandate at 1.) At this time, Plaintiff once again asserted that compliance with federal regulations was insufficient to preempt its state causes of action. (Memorandum of Law in Support of Motion to Recall at 11–14.) The Seventh Circuit summarily denied the Motion to Recall Mandate on August 5, 1996. Finally, in its Petition for Writ of Certiorari to the United States Supreme Court, Plaintiff argued that the underlying decisions of this Court and the Seventh Circuit were in conflict with the Supreme Court's decision in *Medtronic* and again argued that it should be allowed to proceed on a noncompliance claim. The Petition for Writ of Certiorari was denied on October 7, 1996. Thus, this Court finds that Plaintiff has previously raised the argument it now claims it has been denied the opportunity to assert. Indeed, Plaintiff's argument has been rejected by both the Seventh Circuit and the Supreme Court.

■ The Supreme Court has held that "a final judgment on the merits of an action precludes the parties ... from relitigating issues that were or could have been raised in that action." *Kremer v. Chemical Const. Corp.,* 456 U.S. 461, 466 n. 6, 102 S.Ct. 1883, 1889 n. 6, 72 L.Ed.2d 262 (1982) (citing *Allen v. McCurry,* 449 U.S. 90, 92–94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980)). Defendants raised the issue of compliance in their Motion

generally insufficient as 'any other reason' justifying relief from the trial court's judgment."

*Parke–Chapley Const. Co. v. Cherrington,* 865 F.2d 907, 915 (7th Cir.1989).

for Summary Judgment and presented evidence which Plaintiff failed to rebut. Final judgment was entered in this case when Defendants' Motion for Summary Judgment was granted on March 30, 1995. This Judgment was affirmed on appeal to the Seventh Circuit. Plaintiff's Petition for Rehearing, Motion to Recall Mandate, and Petition for Writ of Certiorari each advanced the same arguments Plaintiff makes in the present Motion to Vacate, yet all of the pleadings were denied. Having offered no compelling reason why this Court should reconsider the law of the case, ignore the public interest in the finality of judgments, or force both parties to incur the additional costs of another round of litigation, Plaintiff is barred from relitigating issues that have been previously raised and rejected in this action. Accordingly, the Motion to Vacate Judgment and Motion to Amend Amended Complaint must be denied.

## Conclusion

Federal Rule of Civil Procedure 60(b) does not afford a substitute for the relitigation of issues previously decided. Accordingly, the Court DENIES Plaintiff's Motion to Vacate Judgment [# 42] and DENIES Plaintiff's Motion for Leave to Amend Amended Complaint [# 45].