**Ervin R. HALL–BEY, Plaintiff-Appellant,**

v.

**Edward L. COHN et al., Defendants–Appellees.**

No. 02–3731.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 18, 2003.*

Decided Jan. 13, 2004.

Ervin R. Hall–Bey, pro se, Carlisle, IN, for Plaintiff–Appellant.

Frances Barrow, Office of the Attorney General, Indianapolis, IN, for Defendants–Appellees.

Before POSNER, COFFEY, and KANNE, Circuit Judges.

**ORDER**

Ervin R. Hall–Bey, a diabetic Muslim confined at Indiana's Maximum Control

---

* After examining the briefs and record, we conclude that oral argument is unnecessary.

Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Facility, filed suit under 42 U.S.C. § 1983 claiming that prison officials violated his First Amendment right to freely exercise his religion and his Eighth Amendment right to be free from cruel and unusual punishment by including pork in his prescribed diabetic diet. The district court granted the defendants' motion for summary judgment, reasoning that Hall–Bey's rights were not violated because he could satisfy both his dietary needs and his religious beliefs by eating around the pork occasionally served in diabetic meals. On appeal Hall–Bey challenges only the resolution of his Eighth Amendment claim. Because it was undisputed that the defendants provided Hall–Bey with an adequate diet to care for his diabetes, we affirm.

Hall–Bey argues that the defendants were deliberately indifferent to his diabetes when they failed to provide him the "2800 calorie ADA no pork diet" prescribed by the prison physician. For these defendants to be liable, however, they must have knowingly disregarded an excessive risk to Hall–Bey's health. *Boyce v. Moore,* 314 F.3d 884, 888 (7th Cir.2002). The defendants did provide Hall–Bey with a diabetic diet, but four or five times in a five-week cycle the diet included a pork entree. Hall–Bey did not dispute that the diet he was given would have adequately protected his health had he chosen to eat the pork, and since he has abandoned his First Amendment claim on appeal, we ascribe no constitutional significance to his

refusal to eat pork.[1] The prison physician's prescription only included a reference to a no-pork diet because Hall–Bey requested it, and there is no evidence in the record to show that Hall–Bey's health would be threatened by the inclusion of pork in his diet. Therefore, any risk to Hall–Bey's health resulted from his own choice to forego the pork entree in his diabetic meals, rather than any disregard for his medical condition on the part of the defendants. *See Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir.1997) (Eighth Amendment requires reasonable measures to protect inmate health but does not allow inmates to demand specific treatment).

Moreover, in opposing the defendants' motion for summary judgment, Hall–Bey never responded to the defendants' evidence that he would still have received an adequate level of calories had he chosen to "eat around" the pork entree on the infrequent occasions when it was served as part of his diabetic diet. Therefore, even if Hall–Bey had a right to avoid eating pork, it is undisputed that he did not face an excessive risk of harm to his health from the diet provided by the defendants. *Boyce,* 314 F.3d at 888.

AFFIRMED.

---

1. We presume from Hall–Bey's submissions in the district court that he does not eat pork due to his religious beliefs. The defendants' refusal to provide Hall–Bey an alternative to pork in the diabetic diet states a free exercise claim under the First Amendment. *See Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990) (recognizing a First Amendment claim when inmates are forced to choose between "adequate nutrition and observance of the tenets of his faith"). However, Hall–Bey has gone to great lengths on appeal to avoid dis-

cussing his religious convictions or the district court's ruling on his First Amendment claim and has therefore waived review of the issue. *See Hojnacki v. Klein–Acosta,* 285 F.3d 544, 549 (7th Cir.2002) (party waives argument that it fails to develop on appeal); *Provident Savings Bank v. Popovich,* 71 F.3d 696, 699–700 (7th Cir.1995) (*pro se* appellants are subject to the same waiver rules as represented parties and may therefore waive issues by failing to raise them).