Algenone **WILLIAMS**, Plaintiff–Appellant,

v.

Gerald **BERGE**, et al., Defendants–Appellees.

No. 04–1348.

United States Court of Appeals, Seventh Circuit.

Submitted June 24, 2004.*

Decided June 24, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Algenone Williams, Boscobel, WI, pro se.

Peggy A. Lautenschlager, Office of the Attorney General, Madison, WI, for Defendants–Appellees.

Before CUDAHY, POSNER, and WILLIAMS, Circuit Judges.

### ORDER

Algenone Williams, a prisoner at Wisconsin's Secure Program Facility, brought suit alleging that prison officials violated his constitutional rights by serving him inedible food, denying him a loan to cover his legal expenses, and refusing to let him deposit his prison funds in the bank of his choosing. The district court dismissed Williams's complaint for failure to state a claim, and Williams appeals. We affirm.

On appeal, Williams focuses on the court's dismissal of his inedible food claim. Specifically, he argues that he stated an Eighth Amendment claim when he alleged that prison officials routinely served him breakfasts that included, among other foods, "moldy" raisins and "rancid" peanut butter (in which the oil had risen to the top, making it difficult to spread). He asserts that he refused to eat the raisins and peanut butter and therefore suffered a "reduction in rations."

Prisoners have a right to adequate food, *see Farmer v. Brennan,* 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Antonelli v. Sheahan,* 81 F.3d 1422, 1432 (7th Cir.1996), but not to food that is tasty or even appetizing, *see Lunsford v. Bennett,* 17 F.3d 1574, 1578 (7th Cir.1994) (complaint about "cold, poorly prepared beans" did not state Eighth Amendment claim); *LeMaire v. Maass,* 12 F.3d 1444, 1456 (9th Cir.1993) (temporary nutri-loaf diet did not violate Eighth Amendment). Indeed, routine discomfort is part of the penalty prisoners pay for their offenses, and prisoners cannot expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988). The Eighth Amendment is implicated only when a prisoner is forced to endure deprivations of the minimal civilized measure of life's necessities. *Hudson v. McMillian,* 503 U.S. 1, 8–9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); *Reed v. McBride,* 178 F.3d 849, 852 (7th Cir.1999). Thus, while a substantial deprivation of food may amount to a constitutional violation, *see Reed,* 178 F.3d at 853–54, being served stale raisins and peanut butter, along with other food, does not. *See Lunsford,* 17 F.3d at 1578; *see also Berry v. Brady,* 192 F.3d 504, 507–08 (5th Cir. 1999) (denial of a few meals over seven months did not state Eighth Amendment claim). Nor is there any suggestion in Williams's complaint that prison officials served stale food with the subjective intent to cause harm. *See Hudson,* 503 U.S. at 8, 112 S.Ct. 995. The district court therefore properly dismissed Williams's claim.

In one sentence of his brief, Williams also takes issue with the district court's dismissal of his legal loan and prison trust fund claims, but he fails to explain how the allegations in his complaint stated constitutional claims or why the court erred in rejecting them. Accordingly, he has waived any challenge on this ground. *See* Fed. R.App. P. 28(a)(9); *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 852 n. 6 (7th Cir.2002) (perfunctory and undeveloped arguments are waived on appeal); *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 699–700 (7th Cir. 1995) (pro se appellants are subject to the same waiver rules as represented parties).

AFFIRMED.