**Frank MASON, Plaintiff–Appellant,**

v.

**Louis ORTA, et al, Defendants–Appellees.**

No. 04–2053.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 23, 2004.*

Decided Jan. 4, 2005.

Cheryl A. Handy, Savoy, IL, for Plaintiff–Appellant.

Marc D. Sherman, Lincolnwood, IL, for Defendants–Appellees.

Before BAUER, MANION and WOOD, Circuit Judges.

## ORDER

Frank Mason appeals the denial of his motion to set aside an adverse judgment under Federal Rule of Civil Procedure 60(b). We affirm.

In April 2002, Mason, former interim director of the Kankakee County Housing Authority, sued the Authority, several of its commissioners, and the County Board Chairman, alleging civil rights and state-law claims arising from his termination. In October 2003, just days before the defendants moved for summary judgment, Mason's attorney moved to withdraw. Mason retained new counsel, Cheryl Handy, and the magistrate judge, presiding by consent, accommodated the substitution by giving Mason until December 31 to respond to the defendants' motion for summary judgment. Handy complied with that deadline even though by that time she was aware that eight deposition transcripts previously sent to former counsel had been returned to the court reporter. Handy apparently did not obtain the transcripts until January 12, 2004, but we see no evidence in the record before us that she either sought another postponement of the response deadline or sought leave to supplement Mason's response in opposition to summary judgment after the transcripts were obtained. Instead, Handy waited until the magistrate judge had granted the defendants' motion for summary judgment on February 9, 2004, and then moved to set aside the judgment under Rule 60(b)(2) and (b)(6). Mason appeals the denial of the motion, contending that the magistrate judge abused his discretion in denying relief under Rule 60(b)(2).

Rule 60(b)(2) authorizes a court to set aside a final judgment upon a showing of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial." Fed. R.Civ.P. 60(b)(2). As is apparent from the language of the rule, relief under this subsection is unavailable unless the proffered evidence was not discovered until after judgment was entered. *See Harris v. Owens–Corning Fiberglas Corp.,* 102 F.3d 1429, 1433–34 & 1433 n. 3 (7th Cir.1996). Rule 60(b)(2) " 'is an extraordinary remedy that is to be granted only in exceptional circumstances.' " *Jones v. Lincoln Elec. Co.,* 188 F.3d 709, 732 (7th Cir.1999) (quot-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

ing *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir.1995)). We review a denial of relief for abuse of discretion, *Jones*, 188 F.3d at 735, and must affirm the ruling "unless no reasonable person could agree with it," *Harris*, 102 F.3d at 1434. We cannot discern any abuse of discretion here. Even if Mason did not obtain the deposition transcripts until after responding to the motion for summary judgment, the transcripts were "discovered" and in counsel's possession *before*, not after, judgment was entered. It could not have been an abuse of discretion for the magistrate judge to refuse to grant relief under a rule that clearly bars the requested relief.

AFFIRMED.