NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 18, 2007[*]
Decided July 20, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 06-3867

SHAROME A. POWELL,
    *Plaintiff-Appellant,*

    *v.*

MICHAEL FINK, *et al.*,
    *Defendants-Appellees.*

Appeal from the United States District
Court for the Western District of
Wisconsin.

No. 06-C-58-C

Barbara B. Crabb,
*Chief Judge.*

**O R D E R**

Wisconsin inmate Sharome Powell sued several corrections officers under 42 U.S.C. § 1983, alleging that they used excessive force when they pushed his head into a shower door during a strip search. The evidence at trial showed that Powell was verbally abusive and physically aggressive during the strip search, and that the defendants pushed his head against the door in an effort to subdue him. Powell

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

received a small cut above his eye in the process. The jury returned a special verdict finding that the officers' use of force was not excessive under the circumstances, and the district court entered judgment in favor of the defendants.

In this appeal Powell first asserts that he is entitled to a new trial or to judgment as a matter of law because, according to him, the evidence does not support the verdict. But because Powell did not move the district court for a new trial or for judgment as a matter of law, he cannot pursue that relief in this court. *See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 400-02 (2006); *Pearson v. Welborn*, 471 F.3d 732, 738-39 (7th Cir. 2006). Powell asserts in his reply brief that he moved for judgment as a matter of law at the close of evidence, but even the most liberal construction of his statements at trial reveals no such motion.

Powell also asserts that he is entitled to a new trial because he believes the defendants withheld an "illustrative section" of a training manual which, according to Powell, they were required to produce. But Powell admits that he never alerted the district court to his allegations, and he cannot raise them for the first time here. *See Schoenfeld v. Apfel*, 237 F.3d 788, 793 (7th Cir. 2001). We recognize that Powell did not have the benefit of counsel, but even pro se litigants are subject to the rules of waiver. *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 700-01 (7th Cir. 1995).

AFFIRMED.