**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 3, 2010[*]
Decided August 31, 2010

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-1141

| | |
|---|---|
| NICK W. SCHALLER, SR., | Appeal from the<br>United States District Court for the |
| *Plaintiff-Appellant,* | Western District of Wisconsin. |
| *v.* | No. 08-cv-403 |
| GLEN HEINZL, | Barbara B. Crabb, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Nick Schaller, a Wisconsin prisoner, brought this civil-rights suit against his doctor, Dr. Glen Heinzl, for deliberate indifference. Schaller asserted that Heinzl failed to see him for close to four weeks after he first complained of problems relating to reconstructive

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

surgery on his ankle two years earlier.  The district court granted summary judgment for Heinzl and Schaller appealed.

In June 2008 Schaller submitted a health-services request explaining that the screws in his ankle were loose and that he could barely step on the ankle.  The  nurse who received the request noted on his medical record that when she called his unit officer to check on his condition, the officer reported that Schaller was walking without a limp.  A nurse saw him within a week and apparently scheduled him two days later for a will-call appointment with Dr. Heinzl that later had to be cancelled (for reasons not explained in the record).

More than a week later, Schaller submitted a request complaining of "extreme pain." Four days later a nurse responded to the request, telling Schaller that he had an appointment scheduled with Heinzl in five days and that he should contact the health-services unit if his symptoms worsened.  She also forwarded the request to Heinzl, who said later that he did not recall whether he ever saw it.  The same day Schaller submitted another request stating that he needed an x-ray and surgery (with no mention of pain), and the nurse reminded him that he was scheduled for a doctor's appointment within the week. When Heinzl saw Schaller that week, he ordered an x-ray.  The x-ray revealed no need for further procedures, but at Schaller's request Heinzl prescribed ibuprofen and advised him to take it as needed for pain.  Heinzl noted on Schaller's medical record, though, that Schaller had not been refilling a prescription he already had for naproxen, another nonsteriodal anti-inflammatory drug.

The district court granted summary judgment for Heinzl.  The court assumed without deciding that Schaller's condition was serious, but concluded that no jury could find Heinzl deliberately indifferent.  The court explained that once the nurse forwarded the health requests to Heinzl, he might have been aware that Schaller was in some pain, but he had no reason to think that Schaller was not receiving proper treatment from the nurses or needed a prescription for pain medication.  The court further concluded that a nine-day delay at that point did not amount to deliberate indifference because it was neither "blatantly inappropriate" nor "far afield of accepted professional standards."

On appeal Schaller asserts that Heinzl was deliberately indifferent, but offers no argument on that point and instead devotes his brief to arguing the seriousness of his condition.  The district court assumed for purposes of its analysis, however, that Schaller's condition was serious.  To prevail on an Eighth Amendment claim, a prisoner must establish not only that he had a serious medical condition but also that the doctor's conduct amounted to deliberate indifference. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006).  Schaller's failure to mount any argument

regarding deliberate indifference would be reason alone to affirm.  *United States v. Alden*, 527 F.3d 653, 664 (7th Cir. 2008); *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 699-700 (7th Cir. 1995).  But his appeal also fails on the merits. Although a delay in treatment can amount to deliberate indifference when the condition is sufficiently serious or painful, *see Knight v. Wiseman*, 590 F.3d 458, 466 (7th Cir. 2009), Schaller has not met his burden of showing that Heinzl "'ignored a known risk.'"  *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006) (quoting *Collignon v. Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998)).  A nine-day wait was not unreasonably long given that the pain related to a surgery two years earlier, that a nurse had seen Schaller two weeks earlier, and that Schaller had not refilled his prescription for an anti-inflammatory similar to the one Heinzl ultimately prescribed.  *See Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997).

AFFIRMED.