NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 27, 2016
Decided December 9, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 16-1498

| | |
|---|---|
| BENNY L. WILLIS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 1:15-cv-03725 |
| THOMAS DART, | |
| *Defendant-Appellee.* | Joan Humphrey Lefkow, |
| | *Judge.* |

**O R D E R**

In 2015 plaintiff Benny Willis filed this § 1983 action alleging that his civil rights were violated while he was incarcerated at the Cook County Jail. The district court dismissed the action under Rule 41(b) after Willis failed to comply with the court's order requiring him to pay the filing fee or else show good cause for proceeding *in forma pauperis*. Willis asked the court to reconsider its decision, but the court denied the request in a final order entered February 8, 2016. The court's February 8 order is the only order at issue in this appeal. For the reasons that follow, we affirm.

## I. Background

Benny Willis got a toothache while incarcerated at the Cook County Jail in October 2014. He was taken to a dentist, but says the dentist pulled the wrong tooth. Willis responded in April 2015 by suing the jail's sheriff (Thomas Dart) for cruel and unusual punishment under 42 U.S.C. § 1983.[1] Willis, proceeding *pro se*, did not pay the $400 filing fee but instead submitted an *in forma pauperis* application, along with a financial affidavit and a certified financial statement itemizing his recent transactions in jail. The statement showed that Willis had received nearly $900 from outside sources over the past several months, though he had spent most of that money at the jail's commissary, leaving him with a balance of just over $150 at the time he filed suit.

Because Willis had depleted his funds prior to filing suit, the district court entered a show-cause order on May 1, 2015, requiring Willis to either pay the appropriate filing fee or else show good cause in writing why he should be allowed to proceed *in forma pauperis*.[2] In the order, the court also warned Willis that his complaint would be summarily dismissed if he did not comply within 28 days. Willis failed to respond within 28 days, so on July 1, 2015, the court entered an order dismissing the case with prejudice under Federal Rule of Civil Procedure 41(b). The court's order of dismissal restated the requirements of the previous show-cause order, and clearly explained that Willis's failure to meet those requirements was the reason for the dismissal.

After Willis received the order of dismissal, he sent a series of three letters to the court regarding his case. In the first letter, dated July 29, 2015, Willis claimed that he had not received the court's initial show-cause order and so did not intentionally fail to comply. He therefore asked the court to reconsider dismissing his case. The court construed this letter as a motion to alter or amend judgment under Rule 59(e), and denied the motion on August 7, 2015. The court observed that, regardless of whether Willis had received the initial show-cause order, he admitted that he had received the July 1 order of dismissal, which restated the show-cause order's requirements; yet he still failed to comply with those requirements at any time thereafter. The court concluded by stating that the "case remains closed," while adding that it "may consider" a future submission by Willis "if [he] adequately responds" to the requirements of the show-cause order within 21 days.

---

[1] Sheriff Dart was not served with process and is not participating in this appeal.

[2] The court's May 1 docket entry reflects that this order was mailed to Willis.

The following month, Willis sent a second letter to the court, this time insisting that he was indigent and that he was willing to pay only a "small portion" of the court's filing fee. Willis later mailed a third letter to request a status update regarding his case. In a final order entered February 8, 2016, the district court alternatively construed Willis's latest correspondence as a motion to reconsider under Rule 59(e) or a motion for relief from judgment under Rule 60(b). The court denied the motion either way, finding that Willis had failed to present grounds for reopening his case.

This appeal followed. As noted above, the scope of the appeal is limited to the district court's February 8, 2016, order denying Willis's request for post-judgment relief.

## II.    Discussion

We review for an abuse of discretion the district court's denial of post-judgment relief under Rule 59(e) or Rule 60(b). *Cinc. Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013). Relief under Rule 60(b) is "an extraordinary remedy that is to be granted only in exceptional circumstances." *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995); *see also N. Cent. Ill. Laborers' Dist. Council v. S.J. Groves & Sons Co.*, 842 F.2d 164, 168 (7th Cir. 1988) (internal marks omitted) (describing a Rule 60(b) ruling as "discretion piled upon discretion"). Likewise, Rule 59(e) authorizes relief only in the "exceptional case," *Gonzalez-Koeneke v. W.*, 791 F.3d 801, 807 (7th Cir. 2015) (internal marks omitted), where "'the petitioner can demonstrate a manifest error of law or present newly discovered evidence.'" *Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011).

We conclude that the district court properly denied Willis's requests for post-judgment relief. After Willis filed his complaint without paying the requisite filing fee, the court issued a show-cause order stating that it would dismiss the action if Willis failed to comply within 28 days. Willis failed to comply within the time allowed, so the court dismissed the action just as it said it would. Though Willis claimed, in his first letter dated July 29, that he had not received the show-cause order, he also admitted that he had received the July 1 dismissal order which explicitly restated the show-cause order's requirements. He nonetheless failed to address those requirements by the time of the court's ruling on August 7. Because Willis failed to obey the court's order even after he was admittedly aware of it, the court was well within its discretion to deny his request for relief from judgment based on his claim of excusable noncompliance.

Nor did the district court act unreasonably in declining to reopen the case in light of Willis's second and third letters. After reviewing the allegations of Willis's latest correspondence, the court merely concluded that Willis had failed to identify any manifest errors or newly discovered evidence satisfying the requirements of Rule 59(e), or any exceptional circumstances warranting the extraordinary relief of Rule 60(b). Considering that Willis's second and third letters consisted of little more than a conclusory assertion of indigency coupled with a request for a status update, we cannot say that "no reasonable person" could agree with the district court's conclusion. *See Beyrer*, 722 F.3d at 955; *see also Cinc. Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997) ("A decision constitutes an abuse of discretion when it is 'not just clearly incorrect, but downright unreasonable.'").

Willis counters that the district court abused its discretion by "failing to consider" his second letter, but the record does not support this claim. Having already addressed Willis's first letter in August 2015, the court directed its final February 2016 order to Willis's additional "correspondence"—which consisted of his second and third letters—and there is no suggestion that the court neglected either of those letters in issuing its decision. Of course, that the district court did not reopen the case based on Willis's second letter does not mean that it did not consider that letter; the court previously stated (in its August 2015 order) only that it "may" consider an "adequate" response to the show-cause order's requirements—not that it would automatically reverse course if Willis sent additional correspondence insisting that he was indigent. Nor was the court required, as Willis suggests, to somehow explicitly designate each particular piece of correspondence in its final order to prove that it did not abuse its discretion. It is Willis's burden to prove the abuse of discretion, *see Flanders Elec. Motor Serv., Inc.*, 131 F.3d at 628, and he has not met that burden here.

Willis also raises several arguments specifically challenging the district court's denial of relief under Rule 60(b). In particular, he argues that the court misapplied Rules 60(b)(1), 60(b)(4), and 60(b)(6), which authorize post-judgment relief based on a mistake, a void judgment, or "any other" suitable grounds. These arguments are without merit. The only relevant "mistake" identified by Willis is the court's supposed failure to consider his second letter, but, as noted above, this supposition is not supported by the record. Equally unavailing is Willis's contention that the order of dismissal was void because it was inconsistent with due process: it is not a violation of due process for a court to dismiss a case for failure to prosecute in compliance with a court order. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) (footnote omitted) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of

his failure to prosecute cannot seriously be doubted."). Finally, the district court did not abuse its considerable discretion in concluding that Willis's ongoing failure to comply with the show-cause order did not present any "extraordinary circumstances" that would justify relief under the catchall provision of Rule 60(b)(6). *See Popovich*, 71 F.3d at 700 ("In a rule already limited in application to extraordinary circumstances, proper resort to this 'catch all' provision is even more highly circumscribed.").

## III.    Conclusion

The district court did not abuse its discretion in denying Willis's requests for reconsideration or relief from judgment. The court's February 8, 2016, order denying post-judgment relief is AFFIRMED.