**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 17, 2019
Decided January 2, 2020

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-3501

| | |
|---|---|
| CHRISTEL VAN DYKE, <br>  *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:13-cv-05971 |
| LINDA FULTZ and MELISSA JOHNSON, individually and officially as employees of the Lutheran Social Services of Illinois, <br>  *Defendants-Appellees.* | John Z. Lee, <br> *Judge.* |

**O R D E R**

In 2013, employees of a social-services organization removed Christel Van Dyke's three-year-old grandson from foster-care placement in her home. Ms. Van Dyke sued the employees under 42 U.S.C. § 1983, asserting they violated her First and Fourth Amendment rights. The district court entered summary judgment for the employees. The court also denied Ms. Van Dyke's motion to reconsider. Ms. Van Dyke's appeal is timely only with regard to the denial of her post-judgment

motion. Because the district court did not abuse its discretion in denying this motion, we affirm.

The Illinois Department of Children and Family Services ("DCFS") removed K.C. from his mother's care in 2011 and placed him in foster care with his maternal grandmother, Ms. Van Dyke. At the time of placement, DCFS informed Ms. Van Dyke that it reserved the right to remove K.C. from her home if it determined that doing so was in his best interest. DCFS contracted with Lutheran Social Services of Illinois ("LSSI"), a nonprofit organization, to provide child welfare services to K.C. and his family. LSSI supervised court-ordered visits between K.C. and his father. Ms. Van Dyke began interfering with these visits out of concern that K.C.'s father was sexually and physically abusing K.C. during the visits. Ms. Van Dyke reported her suspicions to LSSI staff, who explained that they had not witnessed any concerning behavior or signs of distress during these supervised visits, and had no reason to believe that K.C.'s father was abusing him.

Concerns then arose over K.C.'s safety and well-being with Ms. Van Dyke, and LSSI determined that he should be removed from her care. LSSI supervisor Linda Fultz made this decision after learning that Ms. Van Dyke allowed K.C.'s mother to live with them, that K.C. had reported an incident of domestic violence between his mother and grandmother, and that Ms. Van Dyke continued to interfere with court-ordered visits between K.C. and his father. Ms. Fultz directed LSSI employee Melissa Johnson to remove K.C. from Ms. Van Dyke's home and place him with other relatives.

Ms. Van Dyke sued Ms. Fultz and Ms. Johnson individually and officially as employees of LSSI. She asserted that they violated the Fourth Amendment by entering her home under false pretenses and using force to remove K.C. from her care without a warrant or probable cause. Ms. Van Dyke also contended that Ms. Fultz and Ms. Johnson violated the First Amendment when they decided to remove K.C. from her care in retaliation for her reporting the suspected abuse.

The district court entered summary judgment for the defendants on March 29, 2018. The court determined that Ms. Fultz and Ms. Johnson, as social workers contracted by DCFS, were entitled to qualified immunity on the Fourth Amendment claim because there was no clearly established law prohibiting them from entering a foster home without a warrant to remove a foster child, especially when Ms. Van Dyke knew that DCFS reserved its right to remove K.C. from her home. Regarding the First Amendment claim, the court found that the defendants presented undisputed evidence of legitimate and nonretaliatory reasons for removing K.C. from Ms. Van Dyke's care.

After entering summary judgment, the district court granted a motion by Ms. Van Dyke requesting all documents about the case and, at the same time, extended her deadline to file a motion to reconsider to May 25, 2018. Ms. Van Dyke filed a motion on May 25 "under Rule 59, or alternatively, Rule 60" generally challenging the district court's entry of summary judgment. (Doc. 219, Mot. to Reconsider.) Ms. Van Dyke argued that the defendants were not entitled to qualified immunity because an Illinois statute gives foster parents the right to reasonable notice before terminating a foster placement. Ms. Van Dyke also argued that the district court erred in entering summary judgment on her retaliation claim because she had demonstrated that her reports of the alleged abuse had motivated LSSI to remove K.C. from her care.

On October 26, 2018, the district court denied the motion, noting that Ms. Van Dyke did not raise any acceptable bases for reconsideration. Her arguments "amount[ed] to little more than a rehash of arguments that she ha[d] made previously, and that the Court rejected." (Doc. 224, Order Denying Mot. to Reconsider, at 2.)

On November 26, 2018, Ms. Van Dyke filed a notice of appeal. This court, noting that her notice appeared to be untimely as to the underlying judgment, *see* FED. R. APP. P. 4(a), ordered her to explain why appellate review should not be limited to the district court's October 26th order denying her motion to reconsider. After both parties submitted statements, we limited this appeal to a review of that order.

The sole issue on appeal, then, is whether the district court abused its discretion by denying Ms. Van Dyke's motion to reconsider. Because she filed her motion beyond the twenty-eight days provided by Rule 59(e), we construe it under Rule 60(b). *Blue v. Int'l Bhd. of Elec. Workers Local Union 159*, 676 F.3d 579, 583–84 (7th Cir. 2012). Even though she filed her motion within the district court's extension of time, district courts are prohibited from extending the time to act under Rule 59(e). FED. R. CIV. P. 6(b)(2); *see Blue*, 676 F.3d at 584–85. The grounds for relief under Rule 60(b) are narrow: A district court may grant relief from judgment when the moving party shows grounds such as fraud or misconduct by the opposing party, newly discovered evidence, mistake or neglect, or another exceptional circumstance that justifies this extraordinary remedy. FED. R. CIV. P. 60(b); *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698–99 (7th Cir. 1995). We will reverse a district court's denial of relief under Rule 60(b) only if no reasonable person could agree with the district court's determination. *Id.* at 698.

Ms. Van Dyke argues that the district court erred "by not correcting its mistake" in two instances. First, she maintains that the court wrongly decided the Fourth Amendment claim without considering the Illinois law that requires fourteen days' notice before a child can be removed from a foster-care placement. She also argues that

the district court erred in determining that the defendants did not violate the First Amendment, given her evidence that her reports of alleged abuse motivated LSSI's decision to remove K.C. from her care.

There are no legitimate bases to disturb the judgment. The district court did not err by failing to address the fourteen-day notice requirement in the Illinois statute because, as the court pointed out, the Fourth Amendment does not create a remedy for violations of state or local law. Nor has Ms. Van Dyke brought newly discovered evidence to support her retaliation claim, or presented any other extraordinary circumstances that would warrant relief. Her challenge amounts to little more than rehashed arguments that the district court already rejected at summary judgment. Because the district court did not abuse its discretion in denying Ms. Van Dyke's motion to reconsider, we affirm.